[Civ. No. 11474.   First Dist., Div. Two.   Nov. 25, 1941.]

FLORENCE  ZARAGOZA,  Appellant,  v.  IGNACIO  T. ZARAGOZA, Respondent.

William E. Barden for Appellant.

Walter H. Duane for Respondent.

NOURSE, P. J.—This is an appeal by the plaintiff from an order by the trial court holding that the defendant was not delinquent in payment of alimony to the plaintiff, and ruling that, from a sum theretofore collected by plaintiff as alimony by execution upon the defendant's salary, there should be deducted sums allowed her as attorney's fees and costs.

Plaintiff was awarded a decree of divorce against the defendant on June 15, 1939, and the defendant was ordered to pay her $30 a month from date until the further order of the court.  In response to an order to show cause why he should not be adjudged in contempt for failure to comply

with the order the defendant appeared and made the showing that prior to the entry of the decree he and plaintiff entered into an oral contract by which he undertook to liquidate diligently bills then due various merchandise creditors, and the plaintiff agreed to waive payment to her of the sum of $30 per month alimony and that when said indebtedness was liquidated the defendant should pay to the plaintiff the sum of $30 a month for the period of one year from the date of the entry of the decree.

It appears from the record in the divorce proceeding that the defendant was a police officer in the employ of the city and county of San Francisco at a salary of $200 per month. The plaintiff was employed at a salary of $18 per week. When it was represented to the court at that time that the parties had agreed to an award of alimony of $25 per month for a period of one year only, the court rejected the offer and ordered that the defendant should pay $30 a month without limitation and until the further order of the court.

Prior to the entry of the order here under attack the defendant moved for a modification of the interlocutory decree and the motion was denied. On the hearing in the contempt proceeding the defendant offered evidence of bills for merchandise incurred by the community, a bank loan, counsel fees and costs paid to plaintiff's attorney in the divorce action, all amounting to more than $300. It was admitted that nothing had been paid plaintiff under the alimony award, and it was contended by the defendant that since 10 months had elapsed since the entry of the interlocutory decree the $300 claimed as due under the decree could be offset by this outstanding indebtedness.

On this appeal from the order there is one rule of law which compels a reversal. The alleged oral agreement to settle the property interests of the parties was not incorporated into the interlocutory decree but was, in part at least, rejected by the trial court. That decree made a flat award requiring the defendant to pay $30 a month until the further order of the court. It is the settled rule that an award for alimony may be modified as to installments to become due in the future, but as to accrued installments it is final. (*Keck* v. *Keck*, 219 Cal. 316, 320 [26 Pac. (2d) 300], citing numerous cases.) In the Keck case the controversy was over an order attempting to offset accrued alimony

payments by an indebtedness due the husband from the wife. Here the record is not clear whether the outstanding debts were contracted by the husband or by the wife, but it is agreed that they were contracted during coverture and we may assume therefore that the husband was primarily liable. In holding that the order allowing the offset was beyond the power of the lower court the Supreme Court on page 321 said: "A subsequent order which relieves the husband from paying accrued alimony in cash as ordered, and discharges said alimony by offsetting it against an indebtedness of the wife to the husband existing at the time of entry of the divorce decree is a modification as to past due installments, just as is an order requiring the wife to accept in full settlement of accrued alimony less than the full amount due."

There is no substantial difference between the case there presented and the one we have here. The interlocutory decree awarded to plaintiff alimony in the sum of $30 a month until further order of the court. Ten months later the court decreed that no payments were due under the decree because of a private understanding had between the parties before the divorce proceedings were instituted. This is clearly a modification of the decree as entered.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.