[Civ. No. 15727. Second Dist., Div. Three. Oct. 31, 1947.]

FLORENCE A. OAKLEY, Appellant, v. GORDON C. OAKLEY, Respondent.

Arnold L. Leader and Leonard Wilson for Appellant.

Lyons & Lyons, Harry Lyons and David Lyons for Respondent.

KINCAID, J. pro tem.—Plaintiff appeals herein from a judgment denying her prayer for a divorce, and granting defendant and cross-complainant a decree of annulment of their purported marriage.

The record discloses that defendant and one Laura Miller Oakley were legally married at a date prior to July 25, 1939. On this date she filed an action for divorce against defendant, in the State of California, an interlocutory judgment of divorce was granted to her on September 5, 1939, and a final judgment of divorce was duly entered in said action on September 13, 1940.

On October 2, 1939, plaintiff herein, Florence A. Oakley, and defendant, went to Tia Juana, Mexico, where a marriage ceremony was performed purportedly joining them as husband and wife. They thereupon returned to California where they continued to live together as husband and wife until May 29, 1944. On January 8, 1945, plaintiff filed an action for divorce against defendant and by her amended complaint alleged that at the time of her marriage to defendant she did not know that he was married to another woman and did not learn of that fact until May 29, 1944, whereupon she separated from him. She further alleged that she has performed services for defendant, believing herself to be legitimately married to him, for the period of four years, eight months and 27 days, the reasonable value of such services being the sum of $5,000, for which judgment is demanded. By his answer to the amended complaint defendant denies plaintiff's allegations of lack of knowledge and affirmatively alleges she was informed by him of the fact that he had a living wife, his marriage to whom had never been legally terminated, and that any marriage between plaintiff and defendant would be invalid and void; that notwithstanding plaintiff's knowledge of such facts the parties proceeded to Mexico and entered into the marriage ceremony at that place. By way of cross-complaint defendant prayed for an annulment on the basis of the foregoing facts. Following trial, the court made its findings substantially in accord-

ance with the denials and allegations contained in defendant's answer and cross-complaint, specifically finding that at the time the parties hereto engaged in the marriage ceremony at Tia Juana, Mexico, on October 2, 1939, both knew that said marriage would not be valid in the State of California by reason of being contracted within one year of the time of the entry of the interlocutory judgment of divorce obtained by Laura Miller Oakley against defendant herein, and that such purported marriage between the parties hereto was void and of no force or effect whatever. The court further found that no property exists, nor have any assets accumulated by or between the parties hereto during the period the parties resided together, and that she has performed no services for defendant while believing she was his legitimate wife; that their purported marriage was illegal, void from the beginning and should be annulled.

Plaintiff's primary point on appeal is that there is insufficient evidence to support the court's finding that plaintiff knew of the then existing marriage between defendant and Laura Miller Oakley at the time she entered into the purported marriage with him of October 2, 1939 in Mexico. Although conceding that defendant testified specifically that he told plaintiff that he had not been divorced from his former wife and that the evidence on this subject is directly conflicting she advances the novel theory that this constitutes an "equilibrium of evidence between the parties," thus requiring the trial court to find in her favor. She cites no supporting authority.

The law is well established in this state that a finding of the trial court upon conflicting evidence will not be disturbed on appeal if there is evidence of a substantial character which reasonably supports the judgment. (*Fewel & Dawes, Inc.* v. *Pratt*, 17 Cal.2d 85, 89 [109 P.2d 650]; *Sears* v. *Schwartz*, 61 Cal.App.2d 125 [142 P.2d 334].) The foregoing evidence, being directly conflicting, it was the responsibility of the trial judge to weigh and determine the testimony of the witnesses in the light of all the evidence and of the circumstances surrounding the case. The testimony of defendant, when considered with all the surrounding facts and circumstances of the marriage, was evidence, substantial in character, which the trial court was entitled to believe and which amply supports its finding as to this point.

Plaintiff next contends that she is a putative wife of defendant and as such is entitled to a money judgment for

services rendered to him during the period they lived together and that the court should decree a lien on the separate property of the husband to enforce the same.

"Where a 'putative' marriage has existed, that is, where one or both parties to an invalid marriage have in good faith believed such marriage to be valid, upon an annulment or declaration of invalidity the courts will recognize the right of the *de facto* wife in property acquired by the parties through their joint efforts, and which would have been community property had the marriage been valid, and will make an equitable division of such property. . . . Where an invalid marriage has been procured by fraud of the *de facto* husband, who is aware of the invalidity of the marriage, the right of the wife who has acted in good faith to recover the reasonable value of her services over and above the value of the support and maintenance furnished her by her supposed husband, has been sustained in a number of jurisdictions, including this state." (*Sanguinetti* v. *Sanguinetti,* 9 Cal.2d 95, 99, 100 [69 P.2d 845, 111 A.L.R. 342]; see also, *Taylor* v. *Taylor,* 66 Cal.App.2d 390, 398 [152 P.2d 480].)

In the instant case, however, no putative marriage ever existed, as neither party to the marriage ceremony ever believed it to be valid. A somewhat similar situation to that before us was present in the case of *Vallera* v. *Vallera,* 21 Cal.2d 681 [134 P.2d 761], wherein our Supreme Court said (pp. 684-685) : "The essential basis of a putative marriage, however, is a belief in the existence of a valid marriage. . . . Although it is clear from the trial court's findings that the parties in the present case did not comply with the requisites of a legal marriage, plaintiff contends that the presumption that a person is innocent of crime or wrong (Code Civ. Proc., § 1963, subd. 1), and the fact that the parties lived together as man and wife at a time when both were free to enter into a valid marriage with one another, establishes that plaintiff believed in good faith that she was the lawful wife of defendant. The findings of the trial court, however, amply supported by the evidence, do not substantiate the existence of good faith. . . . The controversy is thus reduced to the question whether a woman living with a man as his wife but with no genuine belief that she is legally married to him acquires by reason of cohabitation alone the rights of a co-tenant in his earnings and accumulations during the period of their relationship. It has already been answered in the negative. (*Flanagan* v. *Capital Nat. Bank,* 213 Cal. 664

[3 P.2d 307].) Equitable considerations arising from the reasonable expectation of the continuation of benefits attending the status of marriage entered into in good faith are not present in such a case.''

In the absence of an agreement between plaintiff and defendant for the division of his earnings or for the payment by him to her of a stated sum or for the reasonable value of her services to him over and above the value of the support and maintenance which he furnished her, she is not entitled to a judgment therefor. There is no evidence of any such agreement between them. ██ Where, as here, both parties knowingly participated in the fraudulent marriage the trial court properly rendered judgment annulling the marriage but otherwise, as a court of equity, refused further relief, leaving them in the position in which they had placed themselves.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.