[Civ. No. 14944. First Dist., Div. One. Aug. 30, 1951.]

JULIA MARIA GARCIA, Respondent, v. JOSE VENEGAS, Appellant.

Marcos E. Gracia and Ralph Bancroft for Appellant.

Manny C. Gomez for Respondent.

WOOD (Fred B.), J.—Defendant Jose Venegas appeals from a judgment against him and in favor of plaintiff Julia Maria Garcia in the sum of $1,860, representing the amount by which the value of her services exceeded the value of the maintenance and support which he furnished to her during the period of time these parties, unmarried, lived together as man and wife.

Appellant claims that the finding of an obligation upon his part to compensate respondent for her services is without support in the evidence because of asserted lack of proof of an agreement, express or implied, to so compensate; that said finding is not within the issues framed by the pleadings; and that his motion for nonsuit should have been granted.

The amended complaint, filed by leave of court to conform to the proof and the theory upon which the case was tried, embraced two causes of action. In one, respondent alleged that she and appellant lived together as man and wife from about May 15, 1942, to July 23, 1947; that during said period she contributed money, work and services equally with him; and that as a result of joint contributions of money, work and services they jointly accumulated real and personal property. In the second count, respondent incorporated by reference the allegations of the first count and in addition alleged that on many occasions during the period between May 15, 1942, and July 23, 1947, appellant orally agreed with her that in consideration for her contributions of money, work and services said property and all of the properties by them accumulated would be owned by appellant and respondent. In the prayer of the complaint respondent requested that she be declared the owner of a one-half interest in said property, and asked for general relief.

The trial court found that appellant and respondent lived together as man and wife during the period of May, 1942, to

July, 1947, a period of 62 months; that during said period respondent contributed money, work and services equally with the appellant; that appellant agreed with respondent during said relationship that everything they acquired would belong to both of them; that as a result of joint contributions of money, work and services they jointly accumulated real and personal property; that the reasonable value of respondent's services during said period of 62 months exceeded in value the maintenance and support furnished by appellant to respondent by the sum of $30 per month, or a total sum of $1,860.

The court concluded that respondent was not entitled to an undivided one-half interest in the property mentioned in the complaint, the property accumulated during said period of 62 months, but was entitled to recover from appellant the sum of $1,860, the amount by which the reasonable value of her services furnished to the appellant exceeded in value the maintenance and support furnished by appellant to respondent, and that said sum of $1,860 be a lien on the real property mentioned in the complaint, and rendered judgment in accordance with these conclusions.

Appellant is correct in his contention that no express agreement, oral or written, by appellant to compensate respondent for her services was within the issues presented by the pleadings. Nor is there any evidence of such an agreement. And we find in the record no basis for an implied or quasi-contractual obligation upon the part of appellant to compensate respondent for her services.

However, the evidence is sufficient to support the findings that these parties lived together as man and wife during the period of May, 1942, to July, 1947, a period of 62 months; that appellant agreed with respondent during said relationship that everything they acquired would belong to both of them; that during such period respondent contributed money, work and services, and that as a result of their joint contributions of money, work and services they accumulated the real property mentioned in the complaint; findings that were within the issues framed by the pleadings.

Respondent testified that they began living together on May 15, 1942, and continued to do so until July 23, 1947; that neither of them had any money when they started living together and that appellant then and many times thereafter said that everything was both for him and for her, that everything was for both of them, that all he bought was in her

power or in her possession; that he used to tell her all the time that all that was there was theirs, and that all the furniture was hers; that during most of that time she took in boarders and part of the time she rented rooms to tenants; that she paid the rent with, and she and appellant lived off of, the earnings of rooms which she sublet and the money she received from the boarders; that the money he earned when he worked out was saved for the purpose of buying property; that out of the proceeds of pay checks which he thus saved he bought three lots for $375 in 1943 and later sold the lots for $900; that he then bought a house and lot, applying the $900 toward the purchase price; that she sold her furniture for $200 and this sum also was applied toward said purchase price; that when appellant bought said real property he said to her that all they had there was for both of them; and that all the time he used to repeat that to her. The evidence shows without conflict that by an agreement dated July 27, and acknowledged August 14, 1945, appellant contracted for the purchase of said real property for $3,500, paying $1,500 down and agreeing to pay the balance at the rate of $50 per month, plus interest; that by July 23, 1947, when these parties ceased living together, all but $850 of the purchase price had been paid; and that at the time of the trial the principal sum had been reduced to $30.

From these findings that are within the issues and are supported by the evidence, it follows that respondent has a one-half interest in the real property acquired by appellant pursuant to his contract of purchase dated July 27, 1945.

This was not a putative marriage. The parties knew they were not married. Accordingly, if there were no agreement between them concerning property acquired or compensation for services rendered while living together, the law would leave them in the position in which they placed themselves. (*Oakley* v. *Oakley*, 82 Cal.App.2d 188, 190-192 [185 P.2d 848], and cases cited.) But when, as here, they entered into a contract to pool their work and earnings and share equally in the property accumulated therewith, and the illicit relationship was not so involved in the contract as to render it illegal, the law recognizes the contract and enforces the rights arising out of it. Such a joint business enterprise, somewhat akin to a partnership, is one which any two persons (two women or two men, for example) might undertake. In *Bacon* v. *Bacon*, 21 Cal.App.2d 540 [69 P.2d 884], an action brought by the woman against the man to establish an equit-

able interest in and quiet title to certain real property, it appeared that when they began living together they mutually agreed that their future earnings and all property acquired therewith should be owned in common. A certain portion of the real property mentioned in the complaint was acquired with such common funds. The court held that the plaintiff was entitled to a decree quieting title to an undivided one-half interest in the real property so acquired. The applicable principal involved in the Bacon case, though not expressly stated therein, was later expressed by the Supreme Court in these words: "Plaintiff's lack of good faith in alleging the belief that she had entered into a valid marriage would not, however, preclude her from recovering property to which she would otherwise be entitled. If a man and woman live together as husband and wife under an agreement to pool their earnings and share equally in their joint accumulations, equity will protect the interests of each in such property. [Citations.]" (*Vallera* v. *Vallera,* 21 Cal.2d 681, 685 [134 P.2d 761].) Among the cases cited was *Bacon* v. *Bacon, supra,* 21 Cal.App.2d 540.

Hence, it appears that respondent is entitled to a determination that she has an undivided one-half interest in the real property mentioned. However, it also appears that since July 23, 1947, appellant has reduced the residue of the purchase price from $850 to $30 and has paid some interest thereon. He may have made other expenditures in perfecting title or in preserving and protecting the common property. If so, he is entitled to a lien against respondent's one-half interest in the property, for one-half the amount of such expenditures. It is meet, in equity, when declaring the interest and quieting the title of one cotenant against another, to declare a lien against the interest so declared, for a due proportion of proper expenditures made by the other cotenant in preserving and protecting the common property. (*Ochoa* v. *McCush,* 213 Cal. 426, 431 [2 P.2d 357].) The statute of limitations does not necessarily run against the right of lien in such a case. (See *Olivero* v. *Rosano,* 42 Cal.App.2d 740, 743 [109 P.2d 976].) In the instant case, it is possible that appellant herein has received rents, issues and profits of such a character that respondent is entitled to her one-half thereof. If so, she would be entitled to a reduction of the amount of respondent's lien by the amount of her share of the rents, issues and profits, and, if the latter exceeds the former, a money judgment for the amount of the excess. That

was approved in *Stewart* v. *Shearman,* 22 Cal.App.2d 198 [70 P.2d 702], a cotenancy relationship which arose out of a contract of purchase executed by the predecessor of the defendant in his own name, with part of the purchase price paid out of his and the plaintiff's community funds and the remainder paid out of his separate funds after their divorce. The fact that such issues were specifically presented by the pleadings in the Ochoa and Stewart cases, but not in the instant case, is not a significantly differentiating feature. ■ In respect to a lien for a due proportion of proper expenditures made by a cotenant in possession for preservation and protection of the property, no pleading upon his part is required. The opposite party, invoking equitable relief, must do equity. (*Dool* v. *First National* Bank, 207 Cal. 347, 354 [278 P. 233].)

■ In the instant case, it would seem proper also to embrace the issue of respondent's rights, if any, to share in the rents, issues and profits. Although such rights do not attach directly to either party's interest in the realty, they do have a significant bearing by way of potential reduction of the amount of appellant's lien upon respondent's interest in the property. It seems fair in the instant case to allow the parties to present all such issues even though they have made no specific request therefor. The amended complaint was filed after the taking of the evidence. No written answer thereto was filed. The parties focused all of their attention upon the question whether or not respondent became a cotenant and apparently did not envision these other significant issues. The judgment must be reversed and findings of fact and conclusions of law revised. It is desirable to accord the parties a trial on these other issues, in this action, not to relegate them to a new action for a complete determination of this controversy.

Accordingly, the judgment should be reversed, with directions to the trial court to amend its findings of fact and conclusions of law appropriately to declare that respondent owns an undivided one-half interest in the real property mentioned, and for further trial and determination of the amount of appellant's lien, if any, upon her interest in the property, based upon one-half of the proper expenditures made by him in perfecting title and preserving and protecting the common property, less the amount, if any, of her share of the rents, issues and profits, and if her share thereof exceed the amount of the lien to which he would otherwise be entitled, the amount of such excess. The trial court should permit the

parties to file appropriate amended and supplemental pleadings upon such issues, as they may be advised.

There remain for discussion two points urged by appellant that do not bear directly upon fundamental issues in the case. He assigns as error the implied finding of the trial court that respondent is not estopped by judgment from asserting her interest in the property, and the denial of his motion for nonsuit.

The former judgment was rendered by a justice's court. The only evidence concerning that judgment and the action in which it was rendered is a document certified by the justice of the peace as a transcript of the pleadings and proceedings as appeared from his docket. This document contains none of the pleadings. It indicates that appellant herein was the plaintiff and respondent herein the defendant; that a complaint for forcible detainer was filed and summons issued August 5, 1947; that the action came on for trial on October 1, 1947; and recites, ''it is ordered, adjudged and decreed that the Plaintiff do have and recover of and from the said defendant the sum of $55.00 debt and $5.50 costs, and that plaintiff have restitution of the premises.'' It does not identify the premises, nor does it demonstrate that title to real property was or could have been involved or adjudicated in the former action. ■ A justice's court may try title to real property when ''properly involved'' in a forcible entry or forcible or unlawful detainer action as provided in subdivisions 1(b) and 2(b) of section 112 of the Code of Civil Procedure. The issue of title is ''properly involved'' in such an action in the narrowly limited situations described in *Cheney* v. *Trauzettel,* 9 Cal.2d 158 [69 P.2d 832], and *Higgins* v. *Coyne,* 75 Cal. App.2d 69 [170 P.2d 25]. ■ The meager recitals in the justice's court judgment which appellant invokes are insufficient to show that respondent's right, title, and interest in the property (even if it were the property mentioned in the complaint herein) was or could have been ''properly involved'' and adjudicated in that action. The necessary elements of estoppel by judgment are lacking.

A motion for nonsuit was made prior to the taking of testimony. Counsel for respondent, in the course of his opening statement, said he would prove an oral agreement that all of the property acquired would be the property of both parties. Thereupon appellant moved for a nonsuit upon the ground that there was nothing in the complaint to show any such agreement or understanding. The court suggested that it take

the motion under submission, to rule on it after hearing all of the testimony, and appellant agreed thereto. Respondent then requested and the court granted permission to amend the complaint to plead the agreement. In granting this request the court tendered appellant a continuance in order to meet the proof, but appellant preferred to proceed without a continuance. Accordingly, the court ordered that the trial proceed on the pleadings as they were, plus a cause of action alleging that the parties had an oral agreement that whatever property they accumulated would be their joint property, respondent to file during the course of the trial an amendment in writing alleging such a cause, and that such allegations would be deemed denied by the appellant. Later, respondent served and filed an amendment which added a paragraph to the complaint alleging such an agreement but not stating it separately from the cause of action originally pleaded. Defendant demurred specially for failure to state the new cause separately. The demurrer was argued upon the conclusion of respondent's case in chief. The court sustained the demurrer with leave to amend the complaint by separately stating the two causes of action, both causes to be deemed denied. Appellant did not desire a continuance and the court directed that the parties proceed with the testimony. Thereupon appellant moved for a nonsuit on the ground that there had been no proof of an agreement that accumulations of property by either of these parties were to be enjoyed and owned jointly by both of them. The court denied the motion; properly so, for respondent had already given the testimony on that subject which we summarized earlier in this opinion.

The judgment is reversed with directions to the trial court, in accordance with this opinion and judgment, to amend its findings of fact and conclusions of law appropriately to declare that respondent owns an undivided one-half interest in the real property mentioned, and to accord the parties further trial on the issues of the amount of appellant's lien, if any, upon respondent's interest in the property, for one-half of the amount of the proper expenditures made by him in perfecting title and preserving and protecting the common property, less the amount, if any, of her share of the rents, issues and profits of the property, and, if the latter amount exceeds the amount due him by way of contribution, the amount of such excess. The trial court will allow the parties to file such appropriate amended and supplemental pleadings on the issues not hereby determined, as they may be advised, and,

 373

after trial of those issues, make its findings of fact and conclusions of law thereon, and render judgment on all issues. Each party will bear his own costs upon this appeal.

Peters, P. J., and Bray, J., concurred.