[Civ. No. 7446. Fourth Dist. Nov. 9, 1964.]

SOUTHERN ADJUSTMENT BUREAU, INC., Plaintiff and Appellant, v. MILDRED J. NELSON, Defendant and Respondent.

Roy M. Cleator for Plaintiff and Appellant.

MacNulty & Hulden and Richard P. MacNulty for Defendant and Respondent.

BROWN (Gerald), J.—The plaintiff Southern Adjustment Bureau, Inc., owned an undivided one-half interest in a parcel of land as a tenant-in-common with the defendant Mildred Nelson. Plaintiff had advanced $2,516 to pay taxes, insurance and trust deed payments to preserve the common property. This action was commenced to quiet title and partition. The trial court found that plaintiff was entitled to a reimbursement for its contribution. Since it was impossible to make a physical division of the land the court ordered the property sold and the proceeds distributed. This appeal

involves only that part of the judgment which deals with the manner in which plaintiff is to be reimbursed by defendant for its advancement of $2,516 for taxes, insurance and trust deed payments.

The original interlocutory judgment of the trial court directed payment to plaintiff of $2,516 from the proceeds of the sale. The residue was then to be divided equally between the parties.

Over plaintiff's objection, however, the judgment was amended to provide:

"4. Payment to . . . the Plaintiff . . . the sum of $1,258, said sum being one-half of the advances made by Plaintiff on the Trust Deed, insurance and taxes; Plaintiff to recover in addition thereto interest on the . . . advances at the rate of . . . (7%) per annum.

"5. There [it] shall be paid . . . prior to the equal distribution of the balance between the parties."

It is plaintiff's position that the amended judgment incorrectly measures the method of reimbursement for its contributions to the common estate; that the correct method requires the proceeds to be divided equally, and then plaintiff should be given a lien of $1,258 against defendant's share.

To illustrate: A and B each own an undivided one-half interest in Blackacre as tenants-in-common. A advances $2,000 for which he is entitled to contribution from B of $1,000. In an action for partition, the court orders Blackacre sold.

How should the proceeds be divided?

*Possibility One*: (The method used in the original judgment.)

Blackacre is sold for $10,000. A receives $2,000 (the total advancement). The residue of $8,000 is divided equally.

A receives $6,000.

B receives $4,000.

*Possibility Two*: (The method used in the amended judgment.)

Blackacre is sold for $10,000. A receives $1,000 (B's contribution to the advancement). The residue of $9,000 is divided equally.

A receives $5,500.

B receives $4,500.

*Possibility Three*: (The method argued by plaintiff.)

Blackacre is sold for $10,000. The $10,000 is divided equally. A is given a lien of $1,000 on B's share of $5,000.

A receives $6,000.

B receives $4,000.

These illustrations point out that the reimbursing cotenant receives a $500 advantage when the measure of contribution is determined by applying the formula suggested in possibility two, the method followed by the trial court. ■ When a cotenant makes advances from his own pocket to preserve the common estate, his investment in the property increases by the entire amount advanced. Upon sale of the estate he is entitled to be reimbursed his entire advancement before the balance is equally divided. The original interlocutory judgment was correct. This principle is established in *Willmon* v. *Koyer,* 168 Cal. 369 [143 P. 694, L.R.A. 1915B 961]; *Garcia* v. *Venegas,* 106 Cal.App.2d 364, 369 [235 P.2d 89]; see also *Rich* v. *Smith,* 26 Cal.App. 775, 784 [148 P. 545]; *Conley* v. *Sharpe,* 58 Cal.App.2d 145 [136 P.2d 376]; *Palpar, Inc.* v. *Thayer,* 115 Cal.App.2d 333 [252 P.2d 51].

The judgment is reversed with directions to the trial court to enter judgment to conform with this opinion.

Griffin, P. J., and Coughlin, J., concurred.