[Civ. No. 26403. First Dist., Div. One. June 11, 1970.]

LAURA M. WILLIAMS, Plaintiff and Respondent, v.
DWIGHT G. WILLIAMS, Defendant and Appellant.

COUNSEL

Walter H. Medak for Defendant and Appellant.

Samuel P. McGeachy for Plaintiff and Respondent.

OPINION

**MOLINARI, P. J.**—Defendant appeals from that part of a judgment obtained by plaintiff providing for the revocation of a stay of a writ of execution theretofore obtained by defendant.

Plaintiff wife was granted an interlocutory judgment and decree of divorce from defendant husband on April 26, 1966. The decree provided that defendant was to pay plaintiff $140 alimony and $60 child support monthly. It also awarded a community property apartment house in Martinez two-fifths to plaintiff and three-fifths to defendant, and provided that the trust deed installments on said property should be assumed and paid by the parties in the same proportions.

Following the entry of the interlocutory decree, defendant, under an oral agreement with plaintiff, assumed management and control of the apartment house. During the years 1966 and 1967 the expenditures for the operation and maintenance of the apartment house exceeded the income, the net deficit being the sum of $10,848. This deficit was discharged by defendant's unilateral payment of taxes, trust deed payments, repairs and improvements.

Defendant made none of the support payments provided for in the divorce decree. This failure was admitted by defendant without explanation or excuse. The total support delinquency amounted to $4,610.90. Plaintiff secured an ex parte order for a writ of execution towards satisfaction of this delinquency. Defendant then filed a motion to stay the writ of execution and obtained a temporary restraining order against its enforcement. Pursuant to an order to show cause the matter came on for hearing at the conclusion of which the trial court ordered that its prior stay of execution be vacated.

In the proceedings below defendant argued that pursuant to Code of Civil Procedure section 440 plaintiff's share of the apartment house deficit

should be set off against her support arrearages. Code of Civil Procedure section 440, in pertinent part, provides as follows: "When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other, . . ." On appeal he argues that the support obligation and the apartment house deficit are "demands" compensable within the purview of section 440.

■ Considering defendant's contention that his alimony obligation may be set off against plaintiff's indebtedness to him, we observe that it is well settled in this state that there can be no such offset. (*Keck* v. *Keck*, 219 Cal. 316, 320 [26 P.2d 300]; *Zaragoza* v. *Zaragoza*, 48 Cal.App.2d 27, 28-29 [119 P.2d 162].) The rationale behind such rule is that alimony is not an ordinary debt but a marital duty of the husband to support his wife. To allow such a setoff would amount to a retroactive alteration of alimony payments or debts accrued and due in contravention of Civil Code section 139 and its proscription of such retroactive alteration.[1] (*Keck* v. *Keck*, *supra*, at pp. 319-321; *Zaragoza* v. *Zaragoza*, *supra*.) In both *Keck* and *Zaragoza* it was specifically held that a husband is not entitled to an automatic setoff pursuant to Code of Civil Procedure section 440.

Defendant's reliance on *Murchison* v. *Murchison*, 219 Cal.App.2d 600 [33 Cal.Rptr. 285], is misplaced. There, the husband was allowed to offset a monthly $300 payment to the wife under a property settlement agreement against taxes paid by the husband for the wife on the rationale that the monthy payment was a contractual obligation rather than alimony. (P. 605.)

Defendant also urges that his child support arrearages should be set off against plaintiff's debt to him. Although there is no California case dealing directly with the issue, it seems clear that the rationale of *Keck* and *Zaragoza* should apply. ■ An order for child support, like alimony, is not an "ordinary debt" but rather a court-imposed obligation to provide for one's child. ■ Moreover, Civil Code section 139 prohibits retroactive alteration of child support as well as alimony.

In view of the nature of child support and the strong public policy favoring such support in this state we see no necessity, in view of the rationale of *Keck* and *Zaragoza*, to look to other jurisdictions for guidance. We do

---

[1] Civil Code section 139, providing for alimony and child support, in pertinent part, reads as follows: "That portion of the decree or judgment making any such allowance or allowances, . . . may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification or revocation."

note, however, that the case of *Wheeler* v. *Wheeler,* 37 Wn.2d 159 [222 P.2d 400], upon which defendant relies, is not apposite to the case before us. That court allowed a setoff against *prospective* support obligations in a situation wherein the proceeds against which the husband was accorded credit were in fact used to support the child.

There are, moreover, other significant reasons why defendant may not set off the alleged debt against child support arrearages. ▉ Code of Civil Procedure section 440 contemplates compensated cross-demands *by one party against the other.* Indeed, child support is not the type of cross-demand contemplated by section 440 because the obligation is due to the child rather than the mother. If it be considered a debt it is, in essence, a debt owing to the child since a father's duty to support his minor children is a continuing obligation "during the minority of the children of the marriage." (*Estate of Goulart,* 218 Cal.App.2d 260, 263 [32 Cal.Rptr. 229, 6 A.L.R.3d 1380]; Civ. Code, § 138.) In essence, the parent, to whom such support is paid, is but a mere conduit for the disbursement of that support. Finally, the very nature of child support gravitates against the allowance of the setoff sought. Such support is strongly favored in the law and statutes providing for it are to be liberally construed to promote their purpose of protecting the family. (See *Estate of Filtzer,* 33 Cal.2d 776, 783 [205 P.2d 377]; *Harlan* v. *Harlan,* 154 Cal. 341, 350 [98 P. 32].) To allow the offset sought by defendant would frustrate both this purpose and the trial court's support order, since it would allow him to use child support funds to maintain property held in common by him and plaintiff.

▉ Since defendant's only basis for such relief is the claimed offset against alimony and child support, in view of the foregoing we perceive no abuse of discretion on the part of the trial court in refusing to recall, quash or vacate the writ of execution. (See *Slevats* v. *Feustal,* 213 Cal. App.2d 113, 119 [28 Cal.Rptr. 517]; *Noice* v. *Noice,* 195 Cal.App.2d 204, 213 [15 Cal.Rptr. 703].) We observe here that the effect of the court's ruling is not a declaration that defendant is not entitled to reimbursement for unilateral expenditures made on commonly held property under principles which permit a coowner to recover for such expenditures against the other coowner. (See *Conley* v. *Sharpe,* 58 Cal.App.2d 145, 154-156 [136 P.2d 376]; *Southern Adjustment Bureau, Inc.* v. *Nelson,* 230 Cal.App.2d 539, 541 [41 Cal.Rptr. 148]; *Combs* v. *Ritter,* 100 Cal.App.2d 315, 320 [223 P.2d 505]; *Higgins* v. *Eva,* 204 Cal. 231, 238 [267 P. 1081]; *Mercola* v. *Chester,* 97 Cal.App.2d 140, 143 [217 P.2d 32].) Nor is it a holding that such offset in a proper case may not be urged under Code of Civil Procedure section 440. (See *Hauger* v. *Gates,* 42 Cal.2d 752, 755 [269 P.2d 609].) Rather, the only purport of the lower court's decision in the instant proceed-

ing is that such expenditures may not be offset against a claim for alimony or child support.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.