[Civ. No. 34988. Second Dist., Div. Five. June 25, 1970.]

THEODORE L. MARSH, Individually and as Executor, etc., Plaintiff and Appellant, v. HAROLD EDELSTEIN, as Administrator, etc., Defendant and Respondent; LORNA SHERWOOD et al., Defendants and Appellants; KENNETH G. ZIEBARTH, JR., as Administrator With the Will Annexed, etc., Intervener and Appellant.

HAROLD EDELSTEIN, as Administrator, etc., Plaintiff and Respondent, v. THEODORE L. MARSH, as Executor, etc., Defendant and Appellant.

(Consolidated Appeals.)

## COUNSEL

Harry V. Leppek, Barry Sullivan, Maroney, Demchuk, Ziebarth & Brandt and Barry Brandt for Plaintiff and Appellant, Defendants and Appellants, and Intervener and Appellant.

Rosskopf & Rosskopf and Robert E. Rosskopf for Plaintiff and Respondent and Defendant and Respondent.

## OPINION

**FRAMPTON, J.***—The appeals are from judgments rendered in consolidated actions of the superior court entitled Marsh v. Rise, number 871871 and Edelstein v. Rise, number 920254.

Marsh v. Rise is an action to quiet title to some 200 acres of land situated in Los Angeles County, and to cancel a deed from David Salot, Jr., to Melvin M. Rise. The action was brought by Theodore L. Marsh individually, and as executor of the estate of Virginia Evelyn Cain, deceased. The defendants who appear to have been served therein are Melvin M. Rise, who de-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

faulted; Nadee Brickert, who defaulted; David Salot, Jr., who disclaimed; Lorna and Charles H. Sherwood, who claim not less than an undivided one-ninth interest in the land, and Harold Edelstein, who claims not less than a one-twelfth interest in the land.

A complaint in intervention was filed by Kenneth G. Ziebarth, Jr., as the administrator with the will annexed of the estate of Harrison Sherwood, deceased, who claimed the same one-ninth interest as the predecessor in interest to defendants Lorna and Charles H. Sherwood.

Edelstein v. Rise is an action to quiet title to the same real property involved in Marsh v. Rise. A judgment in favor of plaintiff in Edelstein v. Rise would in effect nullify the deed from David Salot, Jr., to Melvin M. Rise mentioned in Marsh v. Rise. Defendants Salot and Rise were served and defaulted; Theodore L. Marsh, as executor of the estate of Virginia Evelyn Cain, deceased, answered, claiming title; claiming a misjoinder of parties; claiming that letters of administration had been wrongfully issued to Harold Edelstein in the estate of Ella Sherwood Stoddard; claiming that Harold Edelstein had an adverse interest in that he claimed as administrator and also claimed an interest under one of the heirs; claiming that dismissal as to fictitiously named defendants in a previous action constitutes a bar to the present action; claiming that the present action is barred by the provisions of section 317, Code of Civil Procedure, and claiming title by adverse possession.

The court rendered judgment decreeing that Melvin M. Rise, David Salot, Jr., and Nadee Brickert have not, and neither of them has any right, title or interest in the land; that Theodore L. Marsh individually, Theodore L. Marsh, as executor of the estate of Virginia Evelyn Cain, deceased, Kenneth G. Ziebarth, Jr., as the administrator with will annexed of the estate of Harrison Sherwood, deceased, and Harold Edelstein, individually, have not, nor does either of them have any right, title or interest in the land, except such rights as they, or any of them may have as heirs, or transferees of heirs of the estate of Ella S. Stoddard, deceased, or as creditors of such estate. That the determination of heirship in, or of the rights of creditors or claimants against such estate is within the jurisdiction of the probate department of this court, and the matters determined in these proceedings are without prejudice to any such claims in said estate.

The appeals here are by Theodore L. Marsh individually and as executor of the estate of Virginia Evelyn Cain, deceased, by Kenneth G. Ziebarth, Jr., as the administrator with will annexed of the estate of Harrison Sherwood, deceased, and by Lorna and Charles H. Sherwood.

## Statement of Facts

By deed bearing date of November 26, 1923, the land here involved was conveyed to Mason M. Stoddard and Ella S. Stoddard, husband and wife, as joint tenants.

Mason M. Stoddard died in Los Angeles County on December 17, 1926, being survived by his wife Ella S. Stoddard.

On April 10, 1931, Ella S. Stoddard gave a grant deed to the property to David Salot, Jr. On December 15, 1931, David Salot (not designated as "Jr.") deeded the property to Melvin M. Rise.

On January 11, 1932, Ella S. Stoddard commenced an action against David Salot, Jr., and Edwin Brickert to cancel the April 10, 1931, deed from Stoddard to Salot, Jr. Melvin M. Rise was not named as a defendant in the action. A decree in favor of Stoddard, canceling the April 10, 1931, deed, was rendered on March 29, 1932, against Salot, Jr., and Edwin Brickert.

Ella S. Stoddard died intestate in Los Angeles County on April 23, 1932. On January 27, 1960, Virginia Evelyn Cain was appointed and qualified as administratrix of Ella S. Stoddard's estate. Her petition alleged that the only asset was a chose in action for quiet title or to establish a constructive trust in real property. No inventory was filed, no notice to creditors was published, nor was any action subsequent to the issuance of letters taken in the estate.

Virginia Evelyn Cain died in Los Angeles County on December 18, 1964, leaving a will. On February 5, 1965, Theodore L. Marsh was appointed and qualified as executor under the last will of Virginia Evelyn Cain. His petition alleges that property of the estate consists of real property with an annual income of $1,200. Notice to creditors was published in 1965, and an inventory has been filed listing the subject property as an asset of the estate. On March 7, 1967, Harold Edelstein was appointed and qualified as successor administrator of the estate of Ella S. Stoddard.

The property involved is isolated, undeveloped desert land situated in the Antelope Valley.

The record discloses that Ella S. Stoddard, deceased, had four sisters and one brother. Minnie Sherwood Brickert, deceased, was one of the four sisters of Ella S. Stoddard, deceased. Minnie Sherwood Brickert, deceased, was the mother of Virginia Evelyn Cain, deceased. Theodore L. Marsh is the only child of Virginia Evelyn Cain, deceased. From the record before us, including the pleadings, it appears that Theodore L. Marsh individually, and as executor of the estate of Virginia Evelyn Cain, deceased, Lorna

Sherwood, Charles H. Sherwood, and Kenneth G. Ziebarth, Jr., as the administrator with the will annexed of the estate of Harrison Sherwood, deceased, claim as heirs, or as transferees of heirs of Ella S. Stoddard, deceased.

## Contentions on Appeal

Appellants urge that (1) action number 920254 (Edelstein v. Rise, et al.) is barred by the statute of limitations as contained in section 318, Code of Civil Procedure (five years); (2) title is in Theodore L. Marsh by adverse possession; (3) there is an equitable conversion in favor of Theodore L. Marsh; (4) the judgment in Stoddard v. Salot Jr., to annul the deed from Stoddard to Salot, Jr., is ineffectual because Rise, the then record holder of title was not joined as a defendant; (5) the evidence is insufficient to support the findings and judgment, and (6) the administrator of the estate of Ella S. Stoddard, deceased, is estopped from claiming title because the heirs of said decedent are estopped from claiming title.

## Statute of Limitations

Rise is not appealing from the judgments. It is immaterial, therefore, that the statute of limitations might be available to him. ■ The only question then is whether the statute may be raised by Marsh or the Stoddard heirs against the Stoddard estate.

In *Blair* v. *Hazzard,* 158 Cal. 721 [112 P. 298], the trustees named in decedent's will, without administration of the estate, sold and conveyed title to certain land, an asset of the estate, to Blair. Some 17 years after the sale, Hazzard was appointed administrator of the estate and claimed that Blair's title and possession of the land were subordinate to the title of the estate for purposes of administration. Blair brought an action to quiet title, claiming first under the deed, and second by adverse possession. In ruling against Blair and in favor of the administrator the court said at pages 725-726: "The question is, can a devisee of an estate or a grantee of a devisee entering into possession of realty by virtue of title actually or colorably derived from the estate and asserting title from no other independent source acquire, under these circumstances, a title against the estate by adverse possession so as to relieve the property from the statutory requirement that it shall be subject to the demands of administration. This question must be answered in the negative: First, because to answer it otherwise would be to repudiate, indeed to obliterate, the provisions of the code which contemplate and declare that throughout administration and until the close thereof, whether the real property be in the possession of the executor or administrator or in the possession of devisees or heirs, it shall be subject to administration and chargeable with its proportionate share of the expenses of ad-

ministration. If a sale becomes necessary it may even be retaken from the heir or devisee and sold to the extinguishment of his title. It is to be remembered that it is merely through the indulgence of the present law that the heir or devisee is entitled to possession at all until after distribution (*Meeks v. Hahn,* 20 Cal. 620), and it was never in the contemplation of the law that by granting the favor to the heir or devisee of possession during administration it should be made possible to set up in hostility to the estate a title by adverse possession which would thus defeat one of the primary objects of probate, namely, that all the property of the deceased saving such as is exempt from execution should be first chargeable with his debts.

"Second, from the very nature of the case title by adverse possession cannot be acquired against the administrator or executor. Such a title would be as foreign to our law as would be the claim of a tenant that he had acquired title by adverse possession against his landlord while holding under strict tenancy. The entry of a devisee or heir under such circumstances and his holding after, as [a] matter of law, cannot be in hostility to the estates' rights. By the very language of the law it is in subordination to those rights. The administrator's or executor's possession never has been and never will be construed as possession in hostility to the heir or devisee, and *per contra* the possession of the heir or devisee while the estate is in the course of administration can never be construed to be in hostility to the rights over that property with which the law clothes the estate. And from practical considerations it becomes also apparent that title by adverse possession cannot thus arise. Everything which the devisee in possession does by way of dominion, ownership, and exclusive control he has a perfect right to do so far as the estate is concerned, and in the doing of these things he does not trench upon or interfere with any of the rights which the statute has reserved to the estate. There is nothing, therefore, and can be nothing, to put the administrator upon notice that the devisee is claiming in hostility to him. The devisee may, as in this case, honestly believe that he is holding against all the world, including the estate, but in truth he is holding against all the world except the estate, since under the law his whole title is subordinate to the estate's rights. There is therefore, and can be in the nature of things, no such hostility between the legal rights of the devisee or heir in possession and the administrator or executor which can start the statute of limitations to running in favor of or against either. . . ."

At the time of death, title to the land was vested in Ella S. Stoddard subject to the cloud created upon her title by the deed from Salot to Rise. This cloud was removed by judgment in action number 920254 (Edelstein v. Rise). Appellants, claiming as heirs, or as transferees of heirs, of Stod-

dard may not, under the circumstances here shown, raise the statute of limitations as a bar to the proper administration of the estate.

### Title by Adverse Possession

■ Appellant Marsh claims title to the property of the estate by adverse possession. He urges that he has established such right by a showing that from 1931 to 1954, the year of her death, Virginia Evelyn Cain paid the taxes on the subject property and from 1964 to the date of trial, appellant Marsh paid such taxes; that in 1958 Virginia Evelyn Cain filed an affidavit with the county assessor asserting, in part, that "So far as I know I am the legal owner of the below described property"; that no one appeared to claim an interest in the property, and that between 1955 and 1957, Virginia Evelyn Cain obtained quit claim deeds to ten-twelfths of the interest in said lands of Stoddard's heirs. This falls short of showing a holding, as a matter of law, by adverse possession. ■ To establish title by adverse possession, it is necessary to show (1) possession by actual occupation under such circumstances as to constitute reasonable notice to the owner; (2) possession must be hostile to the owner's title; (3) the holder must claim the property as his own, either under color of title or claim of right; (4) possession must be continuous and uninterrupted for five years, and (5) the possessor must pay all taxes levied and assessed upon the property during the period. (*West* v. *Evans,* 29 Cal.2d 414, 417 [175 P.2d 219].)

■ The payment of taxes alone, which is the only thing Marsh and his predecessor in interest, Cain, have established here, will not support a claim of adverse possession, assuming the absence of the fiduciary relation shown here. (*Kraus* v. *Griswold,* 232 Cal.App.2d 698, 712 [43 Cal.Rptr. 139].)

### Claim of Equitable Conversion in Favor of Marsh

■ Marsh's claim of equitable conversion is based upon the fact that he and Cain paid taxes on the property over a period of years, thus saving the property from being sold to the state for the failure to pay the taxes levied and assessed upon the property and the fact that Cain, his predecessor in interest, had acquired, and upon her death owned a ten-twelfths interest in the property. Appellant Marsh cites no case in support of this theory. For a court of equity to decree title in Marsh upon the theory of equitable conversion, under the circumstances here shown, would constitute a new remedy which would directly contravene the law relating to, and requiring the probate of estates of deceased persons. ■ While equitable relief is flexible and expanding, its power cannot be intruded in matters that are plain and fully covered by positive statute, nor will a

court of equity lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly. (4 Witkin, Summary of Cal. Law (1960) Equity, pp. 2788-2789.) It appears from the record that the heirs of Ella S. Stoddard, deceased, and the transferees of such heirs would take title to the land as tenants in common. (*Johns* v. *Scobie*, 12 Cal.2d 618, 623 [86 P.2d 820, 121 A.L.R. 1404]; 13 Cal.Jur.2d, Cotenancy, § 19, pp. 305-306.) ■ A tenant in common who pays taxes assessed against the common property is, in the the absence of an agreement to the contrary, entitled to a ratable contribution from his defaulting cotenant, although the payment may have been made without the latter's consent or over his objection. (*Jamison* v. *Cotton*, 136 Cal.App. 127, 130 [28 P.2d 39].) ■ While a probate court has no general equity jurisdiction, it has the power to apply equitable and legal principles in aid of its functions as a probate court. (*Security First Nat. Bank* v. *Superior Court*, 1 Cal.2d 749, 757 [37 P.2d 69].) It follows from this that if appellant Marsh is determined to be an heir, in the heirship proceedings in the probate court, entitled to an interest in the land as a tenant in common with other heirs or transferees of heirs of Ella S. Stoddard, deceased, and if it is determined in such proceeding that he has paid more than his share of the taxes assessed against the land for the protection of the entire property, he will be entitled to judgment against his cotenants, and to a lien on the property in an amount equal to his cotenants proportionate share of the taxes so paid. (*Conley* v. *Sharpe*, 58 Cal.App.2d 145, 155, 156 [136 P.2d 376]; *Southern Adjustment Bureau, Inc.* v. *Nelson*, 230 Cal.App.2d 539, 541 [41 Cal.Rptr. 148].) Thus, in the heirship proceedings in the probate court, appellant Marsh, upon proper proof, will be entitled to the relief which he seeks here.

### Holder of Legal Title Is a Necessary Party

■ Appellants urge that in an action for cancellation of a deed and to remove the cloud of such deed upon title, the holder of the legal title is a necessary party. Upon this principle, they argue that the judgment in Stoddard v. David Salot, Jr., is ineffectual because Rise, who held legal title to the property, was not joined as a defendant. We have no quarrel with the legal principle of joinder as set forth by appellants. Stoddard's action against Salot, Jr., did not eliminate the cloud created by the wild deed from Salot (Jr. absent) to Rise. For this reason Rise was sued in action number 920254 (Edelstein v. Rise). In this action judgment was rendered against Rise and such judgment has become final. Therefore, if Rise had any record title or any claim against the subject property it has now been eliminated in the latter action, wherein the judgment against Rise has become final. In these circumstances, any claimed infirmity in the

judgment in Stoddard v. Salot, Jr., as it may bear upon the non-joinder of Rise in that action, becomes immaterial.

### Insufficiency of the Evidence

Quoting from appellants' opening brief, they say "There is no evidence that David Salot, grantor to Melvin M. Rise was not the same David Salot that Stoddard deeded the land to." The trial court found, with reference to the December 15, 1931, deed from David Salot (not designated as Jr.) to Melvin M. Rise, that "There was no evidence that the 'David Salot' who was named as grantor in said deed was or was not the same person as 'David Salot, Jr.' "

As heretofore pointed out, the decree in favor of Stoddard in action number 333491, rendered on March 29, 1932, adjudicated the invalidity of the deed to Salot, Jr. The judgment in action number 920254 determined that Rise had no title by virtue of the deed from Salot (absent the Jr.). Both Salot Jr., and Rise were sued and were served in action number 920254, and judgment has been rendered determining that neither of them has any interest in the subject property. This judgment has become final and is not open to attack by these appellants. It would appear, therefore, that it is immaterial whether the David Salot (absent the Jr.), named as grantor in the December 15, 1931, deed to Rise, is one and the same person as David Salot, Jr., named as grantee in the April 10, 1931, deed from Stoddard to David Salot, Jr.

### Estoppel to Claim Title

Appellants urge that inasmuch as some 37 years have passed since the death of Stoddard, and since Virginia Evelyn Cain, the former administratrix of Stoddard's estate, and Marsh, who claims through Cain, have paid taxes on the subject property during these years, the present administrator should be estopped from asserting any claim on behalf of the Stoddard estate. We find no basis here upon which an estoppel may be applied against respondent.

Jurisdiction of the superior court, sitting in probate, is exclusive as to those matters committed to it by law. (*Stevens* v. *Torregano,* 192 Cal.App.2d 105, 113 [13 Cal.Rptr. 604].) The matter of determining who is entitled to distribution of an estate is vested in the superior court sitting in probate. (Prob. Code, §§ 1080-1082.)

The trial court properly decreed that the appellants and Harold Edelstein, individually, have no right, title or interest in the subject property, except such rights as they may have as heirs or transferees of heirs

of the estate of Ella S. Stoddard, deceased, and that jurisdiction to determine such rights rested exclusively in the superior court sitting in probate.

The judgments are affirmed. Each party to bear his costs on appeal.

Kaus, P. J., and Reppy, J., concurred.