Filed 6/25/15  Marriage of Diener CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of DONALD and BRIGITTE MAXWELL DIENER. | |
| DONALD DIENER,<br><br>        Appellant,<br><br>            v.<br><br>BRIGITTE MAXWELL DIENER,<br><br>        Respondent. | G050134<br><br>(Super. Ct. No. 11D006404)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Paula J. Coleman, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Donald Diener, in pro. per., for Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Renu R. George, Deputy Attorneys General, for Respondent Orange County Department of Child Support Services.

No appearance for Respondent Brigitte Maxwell Diener.

Donald Diener appeals from the order denying his request to offset against his child support obligations a small claims judgment he obtained against his former wife, Brigitte Maxwell Diener, for money he claims she wrongfully withdrew from his bank account.[1]  Donald contends the trial court abused its discretion by denying his request. We find no error and affirm the order.

FACTS AND PROCEDURE

Donald and his former wife Brigitte have a 50-50 custody arrangement for their two minor children and are in an ongoing dispute over child support.  The sparse record on appeal contains a February 27, 2013, order on a motion for child support modification in which the trial court ruled commencing March 1, 2013, "[Donald is] to provide [Brigitte] with half of his [Social Security] derivative benefits, for a total of $417[] per month for child support as a temporary order."  The court ordered Donald and Brigitte to provide discovery concerning their finances.  The motion for child support modification was continued.  The record also contains a minute order from a June 26, 2013, hearing on the continued motion to modify support, at which the court corrected the earlier order to provide commencing March 1, 2013, "[Donald is] to provide [Brigitte] with one half of the children's [Social Security] derivative benefits[,] which is $417 per month per child as a temporary order."[2]

---

[1]      To avoid confusion, we hereafter refer to the parties by their first names. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475, fn. 1.)  Brigitte does not appear in this appeal.  Respondent in this appeal is "the Public Interest," represented originally by the local child support agency, Orange County Department of Child Support Services, and currently by the state Attorney General, on behalf of the State of California Department of Child Support Services under Family Code sections 17406 and 17407.

[2]      In that same order, the trial court ordered a forensic accounting pursuant to Evidence Code section 730 to analyze Donald's and Brigitte's income available for child support.  Donald appealed, and in our prior opinion (*In re Marriage of Diener*, G048928, July 2, 2014 [nonpub. opn.]), we affirmed the order.

2

In February 2014, Donald obtained a small claims judgment against Brigitte for $6,342.37. In the small claims action, Donald claimed Brigitte used bank records he provided in discovery to withdraw funds from his bank account without his permission.

On March 20, 2014, Donald filed a motion to offset his "child support payments of $417" against the $6,342.37 judgment. Donald declared that without the offset he would incur additional costs because he would be forced to levy against Brigitte's bank account or her other assets to collect the judgment.

The trial court denied Donald's request. In its written ruling, entered May 12, 2014, the court explained a permanent child support order had yet to be made. Donald had applied for the children's derivative benefits through Social Security but was keeping the entire benefit for himself. Because Donald and Brigitte had 50-50 custody of the children, the court had previously ordered Donald to pay Brigitte one-half of the monthly benefit as a temporary support order. The court reasoned the small claims judgment Donald obtained against Brigitte was a personal judgment against her and could not be offset against Donald's child support obligations. Donald appealed.

DISCUSSION

Donald contends the trial court abused its discretion by denying his motion to allow him to offset his obligation to pay one-half of his children's Social Security derivative benefits to Brigitte for child support against the small claims judgment he obtained against her. We find no error.

A supporting parent cannot offset a debt owed by the custodial parent against his or her child support obligations where the offset would eliminate or reduce the court-ordered support to the detriment of the child. (*Williams v. Williams* (1970) 8 Cal.App.3d 636, 639 (*Williams*); see also *In re Marriage of Armato* (2001) 88 Cal.App.4th 1030, 1039 (*Armato*) ["'[s]ince a child support obligation runs to the child and not the parent, a debt owed by the custodial parent to the supporting parent

3

generally cannot be offset against child support arrearages'"].)  In *Williams*, *supra,* 8 Cal.App.3d at pages 639-640, the court would not permit an offset to child support by the amount the supporting parent had advanced in maintaining an investment the parties jointly owned.  The court explained:  "An order for child support . . . is not an 'ordinary debt' but rather a court-imposed obligation to provide[] for one's child. . . . [¶] . . . [¶] . . . In essence, the parent, to whom such support is paid, is but a mere conduit for the disbursement of that support."  As *Williams* noted, "the very nature of child support gravitates against the allowance of the setoff sought.  Such support is strongly favored in the law and statutes providing for it are to be liberally construed to promote their purpose of protecting the family."  (*Id.* at p. 640.)  Similarly, in *Armato, supra,* 88 Cal.App.4th at page 1039, the court rejected an attempt to offset from child support a business debt of the supported parent that the supporting parent had assumed.

Donald attempts to distinguish *Williams* by arguing that unlike that case where the supporting spouse sought to offset a personal debt against child support, here there is no child support order.  He claims the order to pay one-half of the children's Social Security derivative benefits to Brigitte "is not a [c]hild [s]upport [o]rder[,] it is merely directing [him] to pay [her] a sum of money each month."  Nonsense.  The court has twice ordered Donald to make the payments as temporary child support; apparently the only child support order that exists.  And Donald's motion specifically identifies the payments as child support.

In a document filed after his opening brief was filed titled "table of authorities," Donald argues equitable setoffs are "not an impermissible modification of past child support orders . . . and [s]etoffs are routinely allowed."  The cases he cites concern a party's right to set off child support arrearages against the same type of debt—i.e., another child support order.  *Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, concerned a mother, residing in California, who had custody of her minor child for approximately eight years, during which time father paid little support and accrued

4

$24,328 in arrearages.  When the parties agreed to transfer custody to father, who lived in Missouri, he obtained an order there requiring mother to pay monthly child support.  The California court held mother was properly granted a setoff against her child support obligations of the child support arrearages owed by father.  (*Id.* at p. 857.)  In essence, the setoff simply exchanged support payments by mother for those owed by father.  Similarly, *In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072, 1073, involved setoffs of the parents' mutual support obligations.

By contrast, the small claims judgment Donald obtained against Brigitte is a personal obligation unrelated to any child support obligation.  Because the child support obligation is owed to the child, not the parent who receives child support payments, "a child support obligation cannot be satisfied through the obligor parent's performance of an entirely different (independent) obligation."  (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) ¶ 6:628, p. 6-244 (rev. #1 2011).)  Accordingly, the court did not err by denying Donald's request that he be allowed to forego providing child support for his children as a means of satisfying a personal debt owed to him by his former wife.

## DISPOSITION

The order is affirmed.  Respondent is awarded her costs on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.

5