(112 So. 756)

**HEATON et al. v. D'AVIS.** (7 Div. 667.) ·

Supreme Court of Alabama. March 31, 1927.

Rehearing Denied May 19, 1927.

1. **Divorce ⬦215—Award of $25 per month temporary alimony held proper, where husband was earning $50 to $125 monthly and wife had two dependent children and very small income.**

In suit for divorce, award of $25 per month alimony pendente lite to wife having at least two dependent children *held* proper, where wife's income was very small and husband earned between $50 to $125 a month at his trade and controlled house which he had transferred to his son.

2. **Divorce ⬦219—Propriety of award of temporary alimony held not affected by subsequent accident to husband affecting earning capacity.**

That husband suffered accident since rendition of decree which may have affected his earning capacity did not affect propriety of amount of temporary alimony thereby awarded; husband's remedy being by application to trial court for modification of decree as to its future operations.

3. **Divorce ⬦219—Temporary alimony awarded wife by divorce decree should not include time prior to filing of bill.**

In suit for divorce, temporary alimony allowed wife by decree should date only from time of filing bill, not from date of separation of parties.

4. **Divorce ⬦277 — "Alimony" to which divorced wife was entitled at time of death constituted "liability," surviving in favor of her personal representative.**

Amount of alimony decreed to wife during her lifetime and in arrears at time of her death constituted liability against divorced husband, which survived in favor of wife's personal representative; "alimony" being specific fund provided for specific purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alimony; Liability.]

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by Missouri Heaton, revived on her death, in the name of P. H. Davis, as administrator, against Lewis Heaton and Lloyd-Heaton. From a decree for complainant, defendants appeal. Corrected and affirmed.

Thos. E. Orr, of Albertville, for appellants.

---

Where the wife's separate estate is equal to or greater than that of the husband, she is not entitled to alimony. Code 1923, § 7429. The complainant being dead there is no occasion for the allowance of alimony.

Chas. J. Scott, of Ft. Payne, for appellee.

Counsel discusses the questions raised and cites 19 C. J. 278, 291, 318, 522; Hinds v. Hinds, 80 Ala. 225; Turner v. Turner, 44 Ala. 437.

SAYRE, J.   [1, 2] Missouri Heaton left the 40-acre farm where she had lived with her husband, one of the appellants, and then filed her bill for a divorce and alimony, alleging cruelty on the part of her husband. May 27, 1924, the court awarded complainant $25 a month as alimony pendente lite and ascertained the amount then due to be $350, entering a decree for that amount. The husband renews here his complaint of the decree, alleging that, when the conduct of the wife is considered, she was entitled to nothing, or nearly nothing, and that, however that be decided, she was as well provided with the goods of this world as he, and for that reason was hardly entitled to the favorable consideration of the court. The evidence on these issues taken before the register, who found that the wife was entitled to $40 a month, has had due consideration. The wife had two children (sons) by a former husband, one of whom at least was dependent upon her, and at the time of her departure from the common dwelling place had a daughter, two years of age, the child of defendant, and was big with another. She owned 40 acres of land on Sand Mountain, or, perhaps, an interest in the land, the net income from which, as well as we are able to figure it out, was about $50 a year. For what else she had between the time of the separation and the decree she had been dependent on her relatives and friends, none of whom, it may be inferred, had means enough to move the envy of the average man, but were generous enough to respond to her needs to the extent of their ability. Defendant husband also had two children by a former marriage. Evidently these children by former marriages brought about the occasions for ill-feeling between the parties. But no fault is attributed to complainant, save that at times she was fussy and quarrelsome. Her complaint, on the other hand, is that with the encouragement and approval of defendant she was cruelly treated by his elder son, then nearly of age, and that her children by her former husband were excluded from the home. Referring now to the other aspect of defendant's case, the facts seem to be that defendant had a home, the title to which, however, he had transferred to his eldest son while the latter was still a minor, but which he occupied and controlled as fully in every respect as if it were his own, and that, in fact, he had conveyed it to his son with the intent to hinder, delay, or defraud complainant of her alimony, which at the time he saw in prospect. Moreover, he earned at his trade between $50 and $125 a month, the difference in the estimates depending upon the viewpoint of the witnesses. Considering the situation of the parties, our judgment is that complainant was entitled to support and maintenance pending her suit and that she could not have been reasonably expected to subsist on less than the amount awarded to her. Nor does it affect the propriety of the decree that since its rendition the defendant husband has suffered an accident which may have affected his earning capacity. That circumstance would be proper for consideration, if there were an application to the trial court for a modification of the decree in its future operation; but, as will appear, the decree can have no future—that is, no future to be affected by amendment.

[3] After the decree fixing the amount of alimony, it was made to appear to the court that complainant had died and that the defendant Loyd Heaton, son of defendant husband and codefendant in the cause, had become of full age, and thereupon the cause was revived in the name of P. H. Davis, as administrator of deceased complainant, and, defendant Loyd Heaton appearing in the cause by counsel, the court, responding to the prayer of the bill and the proof in the cause, decree the conveyance from the defendant husband to his son Loyd Heaton to be void as against complainant's claim—that is to say, decreed the title purchased by the husband with his means and placed in the name of his son to be subject to the satisfaction of complainant's decree—and, in default of payment within a time fixed by the decree, ordered a sale by the register, subject to an undisputed mortgage in favor of a mortgagee not a party to the record. But this latest decree, by inadvertence as appears upon the whole record, fixed alimony at an amount which would indicate that the allowance dated from the date of the separation of the parties, husband and wife, instead of the filing of the bill. This feature of the decree is assigned for error and for aught appearing the appeal has been necessary to obtain a correction. The decree will therefore be corrected and affirmed and a decree here rendered in agreement with the decree of December 19, 1925, shown by the record, except that the amount here allowed will be fixed at $350, instead of $406, with interest from February 21, 1924, the date of the first decree fixing the amount of alimony in this cause.

[4] Appellants suggest that with the death of the original complainant the claim lapsed and the decree awarding alimony became functus officio; in other words, the sugges-

tion is that the decree did not survive the complainant. But complainant had to subsist pending her suit, and, if her subsistence was not furnished by appellant, surviving husband, as was his duty, of necessity it was obtained from another source. Alimony is a specific fund provided for a specific purpose, and we hold that the amount decreed to her during her lifetime and in arrears at the time of her death constitutes a liability which survived in favor of her personal representative. We quote the language of the New York Court of Appeals in Van Ness v. Ransom, 215 N. Y. 557, 109 N. E. 593, L. R. A. 1916B, 852, Ann. Cas. 1917A, 580:

"To hold otherwise would be to defeat the object of the law and seriously impair the value of the decree in the wife's favor by depriving her of the credit which she would have to obtain means of support."

This appears to be the rule of the majority of the courts—not a great many—which have considered the subject. 19 C. J. p. 275, § 634, page 297, § 685. The order for alimony was none the less a final decree because it might be modified by the court which entered it. Wells v. Wells, 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561; Page v. Page, 189 Mass. 85, 75 N. E. 92, 4 Ann. Cas. 296; Lynde v. Lynde, 181 U. S. 187, 21 S. Ct. 555, 45 L. Ed. 810; Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061. It is noted in the record that, since the death of the original complainant, defendant has taken charge of his (now) two children by complainant and is now maintaining them. This fact, we suppose, is intended to suggest difficulties in the matter of distribution, but that may be left for consideration and settlement by the administrator.

The decree under review will be corrected and affirmed, at the cost of appellee.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.