114 So.2d 392

Ernest L. RYAN

v.

Elsie Roberts RYAN.

6 Div. 396.

Supreme Court of Alabama.

July 2, 1959.

Rehearing Denied Sept. 17, 1959.

Roy D. McCord and L. D. Martin, Gadsden, and Jack Martin Bains, Oneonta, for appellant.

Johnson & Randall, Oneonta, opposed.

LAWSON, Justice.

This is an original application by Ernest L. Ryan seeking leave of this court to file in the Circuit Court of Blount County, in Equity, proceedings for the modification of a decree rendered by that court on October 5, 1954, in a cause instituted against him by his wife, Mrs. Elsie Roberts Ryan. The decree of October 5, 1954, was affirmed by this court. Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700. The application of instant concern was filed in this court within a short time after we held that the decree of October 5, 1954, had become merged with the decree of this court and that the trial court was, therefore, without power to alter or modify it without authority from this court. Ryan v. Ryan, 268 Ala. 490, 108 So.2d 340.

In the decree of October 5, 1954, Mrs. Elsie Roberts Ryan was granted a divorce on the ground of cruelty. The decree also awarded the custody of a minor child of the parties to Mrs. Ryan, imposed a resulting trust in her favor upon certain property and awarded to her temporary and permanent alimony, as well as attorney's fees.

We understand from the application filed in this court that Ernest L. Ryan seeks permission to file some kind of proceeding in the trial court whereby he can have eliminated from the decree of October 5, 1954, the provisions imposing a resulting trust on certain property held in his name in favor of his wife. We are not advised but we assume that as to this feature of the decree the applicant, Ernest L. Ryan, would file a bill of review in the trial court on the ground of newly discovered evidence. See Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580. The only averments in the application which tend to show newly discovered evidence as to the resulting trust feature of the decree are as follows:

"(b) Petitioner avers that since said final decrees, Exhibit 1 and Exhibit 2, that he has uncovered new evidence to show unto this Honorable Court that Lydia Roberts was not the owner of a resulting trust upon the property known as the Lawrence E. Sellers House property described as Lot No. 67, 126, and E½ of Lot No. 66 and the E½ of Lot No. 127, in Block No. 12 of the original survey of the Town of Oneonta as same is platted and on file in the Office of the Judge of Probate of Blount County, Alabama. * * *."

In Faust v. Faust, 255 Ala. 370, 51 So.2d 671, 673, we quoted approvingly from Seven Up Co. v. Cheer Up Sales Co., 8 Cir., 153 F.2d 231, 232, as follows:

"The allowance by an appellate court of a petition for permission to file a bill of review in the trial court is addressed to the sound judicial discretion of the court and should be exercised cautiously and sparingly and only in cases when it is clearly demonstrated that the interests of justice will undoubtedly be served thereby."

Taking into consideration the generality of the averments of Paragraph (b) and the absence from the bill of any averments to the effect that the claimed newly discovered evidence could not have been discovered by the exercise of due diligence, we do not think that the petitioner should be permitted to file a bill of review in the Circuit Court of Blount County, in Equity. Faust v. Faust, supra.

The applicant, Ernest L. Ryan, also seeks permission to file his petition in the trial court for reduction of the amount

of alimony awarded Elsie Roberts Ryan on the ground of changed circumstances. But the alimony awarded was in a fixed sum, without reservation, hence the decree in respect to alimony cannot be modified. In Williams v. Williams, 261 Ala. 328, 337, 74 So.2d 582, 591, we said: "Where the judgment is for a fixed sum to be liquidated at definite times, it becomes a vested right and where no reservation is made in the decree it cannot be modified."

Application denied.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.