123 So.2d 102

**Elsie Roberts RYAN**

v.

**Ernest L. RYAN.**

6 Div. 562.

Supreme Court of Alabama.

Sept. 15, 1960.

See also 268 Ala. 490, 108 So.2d 340.

Johnson & Randall, Oneonta, for appellant.

St. John & St. John, Cullman, and Nash & NeSmith, Oneonta, for appellee.

STAKELY, Justice.

This is an action filed by Ernest L. Ryan (appellee) in the Circuit Court of Blount County, in Equity, against his former wife Elsie Roberts Ryan (appellant), in which the appellee seeks to set off an alleged indebtedness of $12,500 against the decree of the Circuit Court of Blount County for alimony rendered against the appellee on October 5, 1954. The allegations of the bill show that the alleged indebtedness due by Elsie Roberts Ryan was due at the time the decree for alimony was rendered.

The appellant demurred to the bill of complaint and the court overruled the demurrer. It is from this ruling that the appellant has brought this appeal.

The allegations of the bill show that a copy of the decree of divorce is attached

to the bill of complaint and marked Exhibit A and made a part thereof. The decree shows that Elsie Roberts Ryan was granted a divorce from her husband and in the decree was allowed the sum of $7,000 as permanent alimony, "one-half of said amount to be paid within sixty (60) days from date of the decree and the remainder to be paid on or before May 4, 1955." The bill in the instant case was filed August 4, 1959. She was also allowed in the decree $200 per month temporary alimony pending the appeal of the case to the Supreme Court of Alabama and attorney's fees. The decree also decreed a resulting trust in the amount of $3,000 in favor of Elsie Roberts Ryan on certain real estate described in the decree.

The bill of complaint in the instant case avers that Elsie Roberts Ryan owed Ernest L. Ryan $12,500 on account. It is also alleged in the bill of complaint that Elsie Roberts Ryan is a nonresident of the State of Alabama and that she is insolvent.

The prayer of the bill is to set off the $12,500 claimed by Ernest L. Ryan against the indebtedness due by Ernest L. Ryan by the terms of the decree in the former case of Elsie Roberts Ryan v. Ernest L. Ryan, respondent, in the Circuit Court of Blount County, Alabama, in Equity. Attached to the instant bill and made a part thereof is also Exhibit B, which is a notice of the sale of the lands described in the bill of complaint in which the register was undertaking to collect the amount of the decree in the former case.

To summarize the situation, it will be seen from the bill of complaint and the demurrer thereto, that the bill of complaint seeks to set off an alleged indebtedness due on account for money had and received by the appellant against the amount of alimony and attorney's fees awarded in the decree.

■ I. Under the provisions of § 31, Title 34, Code of 1940, where a divorce decree is rendered and alimony is awarded to the wife, this allowance is for the maintenance of the wife. The language of the code section is "for her maintenance."

In the case of Le Maistre v. Baker, 268 Ala. 295, 105 So.2d 867, 870, this court quoted the following language from the Supreme Court of Virginia in the case of Eaton v. Davis, 176 Va. 330, 10 S.E.2d 893, "Alimony has as its sole object the support of the wife, and is not to be considered a property settlement upon a dissolution of the marriage."

As further showing the application of this definition or rule we quote further from Le Maistre v. Baker, supra,

"It is to be noted that the phrase, 'as alimony', is used in the decree to describe the award being made. But as pointed out by the appellants in their brief, citing Eaton v. Davis, 176 Va. 330, 10 S.E.2d 893, 897, the word alimony comes from the Latin *alimonia*, meaning 'sustenance', and, as applicable here, the sustenance or support of the wife by her divorced husband. 'It stems from the common-law right of the wife to support by her husband, which right, unless the wife by her own misconduct forfeits it, continues to exist even after they cease to live together. *Alimony has as its sole object the support of the wife, and is not to be considered a property settlement upon a dissolution of the marriage.'* (Emphasis supplied.) Eaton v. Davis, supra.

"Therefore, the appellant's argument is strengthened by the very words of the decree itself, which, by its own terms, indicates that it was intended only to provide for the wife's support."

See also Heaton v. Davis, 216 Ala. 197, 112 So. 756.

■ We add that the allowance of temporary alimony pending the suit and for attorney's fees for services of attorneys representing the wife in a divorce case, are both based on the same principle as permanent alimony and the granting of such temporary

alimony and attorney's fees is controlled by the sound discretionary power of the court in each particular case, according to the circumstances disclosed by the pleadings and proof. Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

With reference to the allowance of attorney's fees, we quote in substance from Johnson v. Johnson, 195 Ala. 641, 71 So. 415, as follows:

> Appellee has entered cross-assignments of error based upon the court's ruling denying any solicitor's fees. It has been long the practice to allow such solicitor's fees to the wife, as aid in the maintenance of her suit, but they are regarded as a part of the temporary alimony.

We find no authority in this state dealing with the exact proposition here involved but decisions in other states are persuasive to us that a claim of the husband for money had and received is not available as a setoff to satisfy or extinguish the decree for alimony, because to allow such a setoff would be to deprive the wife of her maintenance and support. Since "setoff, authorizing outside transactions to be brought in and litigated between the parties, is statutory" (Brown v. Patterson, 214 Ala. 351, 108 So. 16, 17, 47 A.L.R. 1093), we have examined the statutes in the other states, whose decisions we shall cite. Whether designated as statutes of setoff or counterclaim, we think that these statutes are sufficiently similar in substance to the Alabama statute, § 350, Title 7, Code of 1940, to be available for reference here.

In the case of Attaway v. Attaway, 193 Ga. 51, 17 S.E.2d Ga. 72, the court said:

> "A judgment for alimony, being based upon the obligation imposed by law upon a husband to support his wife, cannot be extinguished or satisfied by setting off a judgment in his favor and against his wife for the value and hire of an automobile, as set-off would mean nothing in the way of support. * *."

In the case of Keck v. Keck, 219 Cal. 316, 26 P.2d 300, 301, the wife was the guardian of the husband and on his restoration to sanity and the final settlement of her guardianship, a judgment was rendered against the wife in favor of the husband for money belonging to the husband's estate for which she was liable to him. Later the wife recovered a decree for alimony in a divorce case against the husband and nothing was mentioned in the divorce and alimony case about the judgment which the husband held against the wife. The court denied the husband the right to set off this judgment against a decree for alimony in the case and in this connection said:

> "The wife may be entirely without means to pay her debt to her husband, or to support herself. In the findings, which support the interlocutory decree herein the court found that Lizzie B. Keck was without any means for her support and maintenance, and that Arthur W. Keck was worth $50,000. The marital duty of a husband to support his wife is not suspended during the continuance of the marriage because the wife may be indebted to him. The obligation to pay alimony is founded on this duty, and is not an ordinary debt. Where the interlocutory decree is silent, as in the case herein, as to an indebtedness of the wife to the husband, he may not as a matter of right off set his obligation to pay monthly alimony against the wife's debt to him, and thus relieve himself from making provision for her support. The two demands do not by operation of law compensate and discharge each other (23 Cal.Jur. 254) under section 440, Code of Civil Procedure. The husband may not, in the manner of an ordinary judgment debtor, as a matter of right, and by motion (15 Cal.Jur. 275), have a judgment against him for alimony offset against a judgment in his favor against his wife.
>
> "It is the general rule that alimony ordered to be paid in a divorce action

cannot be garnished or appropriated to payment of the wife's debts contracted prior to the decree granting the alimony, either where her creditor is a third party, or her divorced husband. (Citing cases.)"

In the case of Zaragoza v. Zaragoza, 48 Cal.App.2d 27, 119 P.2d 162, 163, the California Court said:

"It is the settled rule that an award for alimony may be modified as to installments to become due in the future, but as to accrued installments it is final. Keck v. Keck, 219 Cal. 316, 320 P.2d 300, citing numerous cases. In the Keck case the controversy was over an order attempting to offset accrued alimony payments by an indebtedness due the husband from the wife. Here the record is not clear whether the outstanding debts were contracted by the husband or by the wife, but it is agreed that they were contracted during coverture and we may assume therefore that the husband was primarily liable. In holding that the order allowing the offset was beyond the power of the lower court the Supreme Court on page 321 of 219 Cal., on page 302 of 26 P.2d said: 'A subsequent order which relieves the husband from paying accrued alimony in cash as ordered, and discharges said alimony by offsetting it against an indebtedness of the wife to the husband existing at the time of entry of the divorce decree, is a modification as to past due installments, just as is an order requiring the wife to accept in full settlement of accrued alimony less than the full amount due.' "

See also 17 Amer.Juris. p. 669; Fickel v. Granger, 83 Ohio St. 101, 93 N.E. 527, 32 L.R.A.,N.S., 270.

In the case of Wright v. Wright, 93 Conn. 296, 105 A. 684, the wife recovered a decree for alimony and after the decree for alimony was recovered against the husband a creditor of the wife, whose debt was in existence at the time of the rendition of the divorce decree, sued the wife and garnished the husband. The husband answered the writ of garnishment and admitted that he was indebted to his wife and the judgment was then rendered against the husband in the garnishment proceeding. The husband then undertook to plead this judgment as a setoff against the alimony suit of his wife against him. The Supreme Court of Connecticut disallowed this claim of setoff and refused to let the husband set off this claim. He had not mentioned this divorce case in his answer to the writ of garnishment.

■ II. This court in the case of Ryan v. Ryan, 269 Ala. 541, 114 So.2d 392, the same parties as before the court in the instant case, declared that the alimony awarded to the wife was a fixed sum without reservation and in this respect cannot be modified. The decree, a copy of which is attached to the instant bill of complaint, is the same decree about which the Supreme Court was speaking when it declared the decree could not be modified. It seems clear to us that the real purpose of the instant bill of complaint is for no other purpose than to modify the decree of alimony in the instant case and that the decree cannot now be modified.

■ III. Coming now to our statute, which is § 350, Title 7, Code of 1940, it provides that mutual debts, liquidated or unliquidated, demands not sounding in damages merely, subsisting between the parties at the commencement of the suit may be set off one against the other. We do not consider that a decree for alimony in favor of the wife against the husband is a debt due from the husband to the wife within the meaning of this statute of setoff. The judgment or decree for alimony is duly imposed by law upon the husband to pay the amount of such alimony awarded for the support of the wife.

■ Alimony is awarded upon considerations of equity and public policy. Since

 

it is thus founded upon public policy and created in equity, it cannot be diverted from the purpose of support without public injury. Murray v. Murray, 84 Ala. 363, 4 So. 239. The courts which created this fund should see that it is not subjected to the payment of preexisting debts, whether claimed by the husband or by some third party. Fickel v. Granger, 83 Ohio St. 101, 93 N.E. 527, 32 L.R.A.,N.S., 270; Romaine v. Chauncey, 129 N.E. 566, 29 N.E. 826, 14 L.R.A. 712.

In other words, it is our judgment that there are no mutual debts existing between the parties to this case.

In order that this case may be thoroughly understood, we say at this point that the first case, that is the case in which the decree of divorce and alimony was rendered, was before this court in Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700. The second appeal in the case was from a decree in favor of the appellant here overruling a motion filed in the Circuit Court of Blount County in which Ernest L. Ryan, the appellee, sought to modify the aforesaid alimony decree. It is reported as Ryan v. Ryan, 268 Ala. 490, 108 So.2d 340. The third occasion in which the case came before this court was a direct application to this court to obtain permission to file a bill in the Circuit Court of Blount County, in Equity, to modify said decree. Permission was denied by this court. Ryan v. Ryan, 269 Ala. 541, 114 So.2d 392.

We are persuaded that the cases which we have set forth and referred to all show that a debt which a wife owes to the husband at the time of the rendition of the decree for alimony against the husband in favor of the wife cannot be used as a set-off to satisfy or modify the decree for alimony.

Lest we be misunderstood we point out that the mere existence of mutual and independent demands does not authorize an equity court to set them off against each other, unless the allegations of the bill show an intervening equity, which renders it necessary for the protection of the demand sought to be set off. Hall v. Clark, 227 Ala. 571, 151 So. 445. It is claimed that the allegation of insolvency of Elsie Roberts Ryan shows such an intervening equity and also that the allegation of her nonresidence shows such an intervening equity. Under our view of the case, these are questions which we need not consider.

We conclude that the court was in error in overruling the demurrer to the bill of complaint in the case at bar. The case is, therefore, reversed and the cause remanded to the lower court with instructions to enter a decree sustaining the demurrer to the bill of complaint within thirty days from the receipt of a copy of this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.