PEARSON, Judge.
The appellant, Rosa Lee Rankin, is the former wife of George F. Rankin, the ap-pellee. They were divorced in April, 1970; the final judgment was signed by then Circuit Court Judge James Lawrence King. Appellee became delinquent in alimony payments and the appellant filed her motion for a contempt order based upon ap-pellee’s failure to comply with the final judgment. In addition, she asked for clarification of the final judgment in order to establish the financial responsibility of the parties as to real properties held in common. The successor judge entered the order appealed which found in part as follows: (1) it discharged the motion for contempt upon a determination that the ap-pellee former husband might be entitled to a set off because the appellant had received more income than he had from a farm which was one of the properties that . they held in common; (2) it further determined that the final judgment of divorce, which was silent on the subject, should be held to have adjudged that the appellant, by virtue of her occupation of the former home of the parties, was required “to pay any and all expenses pertaining to same, including maintenance, upkeep, utilities, taxes, insurance and mortgage payments.” On this appeal error is assigned as to each of these holdings. We reverse the order as to the particulars specified.
 The trial court, in allowing a set off for possible business debts against alimony payments, erroneously classified alimony as an ordinary debt. In Chappell v. Chappell, Fla.App.1971, 253 So.2d 281, it was held that in the absence of compelling equitable considerations to the contrary, a husband should not be permitted to set off against his alimony obligations monies paid by him on account of a business contract between the parties. We think the holding in the cited case, together with the general law applied in Florida that alimony is something more than a debt, requires a reversal of that portion of the order which allows a set off against alimony. See Edgar v. Edgar, Fla.App.1961, 126 So.2d 585. This holding is in accord with the holdings in other jurisdictions. Ryan v. Ryan, 271 Ala. 243, 123 So.2d 102 (1960); Williams v. Williams, 8 Cal.App.3d 636, 87 Cal.Rptr. 754 (1970); Safe Deposit & Trust Co. of Baltimore v. Robertson, 192 Md. 653, 65 A.2d 292 (1949); Winkel v. Winkel, 178 Md. 489, 15 A.2d 914 (1940).
 The successor judge’s interpretation and amendment of his predecessor’s judgment regarding the occupation of the home was error. See Lyons v. Lyons, Fla.App.1968, 208 So.2d 137. Tenants in common have a mutual obligation to pay charges upon the property held in common. *575 Spencer v. Spencer, 160 Fla. 749, 36 So.2d 424, 426 (1948). Furthermore, the successor judge was without jurisdiction to modify the final judgment of his predecessor except upon the basis of changed circumstances. See Simon v. Simon, Fla.App. 1963, 15S So.2d 849. We therefore reverse that portion of the order which held that the appellant is required to pay all maintenance, upkeep, utilities, taxes, insurance and mortgage payments upon the former residence now held with her former husband as a tenancy in common. Upon remand the judgment shall be modified as indicated in accordance with the holding in Lyons v. Lyons, supra.
For the reasons stated, the judgment and order appealed from are affirmed in part and reversed in part in the respects set out above, and the cause is remanded with directions that the order appealed from be modified and revised as indicated and shall be required to conform to our holdings in this opinion.
Affirmed in part, reversed in part, and remanded.