307 So.2d 20

Alan Ivan **TICHANSKY**

v.

Susan Ovson **TICHANSKY.**

**Civ. 353.**

Court of Civil Appeals of Alabama.

Nov. 6, 1974.

Rehearing Denied Dec. 4, 1974.

B. G. Minisman, Jr. and R. Clifford Fulford, Birmingham, for appellant.

**211**

Sirote, Permutt, Friend & Friedman and James A. Harris, Jr., Beddow, Embry & Beddow and J. Scott Vowell, Birmingham, for appellee.

HOLMES, Judge.

This is an appeal from the Circuit Court of Jefferson County denying relief to appellant on his petition filed pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure.

Rule 60(b) provides in parts pertinent to this appeal as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .; or (6) any other reason justifying relief from the operation of the judgment. . . ."

Appellant and appellee were married in 1968 and have two children. Appellant received his degree in architecture from the University of Oklahoma in 1968. He took and passed the Alabama Architectural Board of Examiners in 1972. He is currently employed by Fred Renneker and Associates in Birmingham at a salary of $5.25 an hour. At the time of this appeal, and also the original divorce decree, he was in the Air National Guard and was paid for such service $64.84 gross and $55.78 net a month. He also "moonlighted" on several jobs outside his regular employment. The record indicates that appellant nets approximately $735 per month, excluding monies received from his extra architectural jobs.

Under the terms of the divorce decree, which incorporated the agreement of the parties, appellee received custody of the two children. Appellant was ordered to pay appellee $500 per month as alimony and child support. Appellant is also responsible for paying reasonable medical expenses incurred by the children; for providing the children with a college education and also for maintaining a $30,000 life insurance policy payable to appellee. Additionally, appellant will have to pay appellee, as alimony, 25 percent of any "net increase" in appellant's income if the "net increase" comes from Fred Renneker, Jr. and Associates. Under no circumstances, however are the the total payments to exceed $1,000 per month.

Within four months of the entering of the decree, but after the time for a new trial motion or appeal had expired, appel-

lant brought his action under Rule 60(b) of the Alabama Rules of Civil Procedure.

Appellant's motion for relief under Rule 60(b) alleges that he and his former wife contacted an attorney regarding a divorce; that appellant was under the impression that the attorney represented both him and his former wife when, in fact, the attorney was representing only his former wife; that an agreement regarding child support and alimony was signed and incorporated into the divorce decree; that this agreement was signed by him because of his anxiety to conclude the matter amiably; and that he made a mistake in agreeing to the terms of the agreement which impose conditions upon him which he "now knows he cannot meet and which resulted from mistake, inadvertence and excusable neglect." Appellant then asked the trial court to relieve the appellant from the agreement.

A hearing was had and the motion was submitted on the depositions of the parties and an attorney, affidavits and stipulation. The trial court denied the relief prayed for, and from this action appeal was taken to this court.

Appellant contends on appeal that the trial court erred in failing to afford him relief on two grounds. The first of these is bottomed on Rule 60(b) (1).

Appellant argues that he entered into the agreement which committed him to pay $500 a month out of the $735 salary he receives as a result of mistake, inadvertence, or excusable neglect. This mistake allegedly arises by reason of appellant relying on the attorney to fairly represent his best interest when the attorney, in fact, represented the appellee.

Appellant's second ground of relief is based on the "any other reason justifying relief" clause of Rule 60(b) (6). This contention is bottomed on the alleged inequity of the decree itself which gives appellee $500 of appellant's present monthly net pay of approximately $735.

To this court, in this instance, the facts fail to show any mistake, inadvertence, surprise, or excusable neglect as contemplated by Rule 60(b) which would afford appellant relief. What they do show is that appellant voluntarily and willingly signed the divorce agreement. In fact, not only was it decided that appellee would receive $500 a month before an attorney was consulted, but appellant himself suggested that he pay $500 a month. As for the provision providing that 25 percent of any additional income would be paid appellee as alimony, while it is unclear exactly who suggested the figure, appellant admits that discussions between himself and appellee concerning paying appellee more income as his own increased were held prior to the hiring of an attorney and that he considered her demands "reasonable."

■ Not only was appellant warned by the attorney handling the divorce that the $500 offer was excessive and would leave him very little to live on, but the agreement was read by appellant, a college graduate, and then read again to him by the attorny before he entered into it. There is, to this court, no mistake, such as would warrant relief under Rule 60(b)(1), involved in the instant appeal.

■ Nor does this court find that the trial judge abused his discretion in denying appellant's 60(b)(6) motion. Rule 60(b)(6) is an extreme and powerful remedy and should be resorted to only under extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207. To this court, no extraordinary circumstances exist in this case. The broad power granted by Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated and deliberate choices which he has made. 11 Wright and Miller, Federal Practice and Procedure, No. 2864.

In Kohn v. Kohn, 52 Ala.App. 636, 296 So.2d 725, relied upon by appellant's able

counsel, this court did set aside an agreement voluntarily entered into because of the inequity of the decree. We do not quarrel with this legal principle as cited by appellant. In that case we allowed the husband to set aside the agreement which was filed with the court but *had not been acted on* by the court.

■ Here, a final decree was entered and in effect for almost four months before appellant's motion to set it aside was filed. In passing on an attack upon a judgment, the court is given wide discretion. In exercising this discretion, the court must balance the desire to remedy injustice against the need for finality of judgments. Committee Comments, Rule 60, p. 198, Alabama Rules of Civil Procedure. This court cannot say that under the facts of this case the judge abused his discretion.

To this court, under the facts of this case, we cannot say the trial court abused its discretion in denying any relief to appellant. Appellant, as noted earlier, is a college graduate who voluntarily and with full understanding entered into an agreement, which was incorporated in a decree of divorce, even against the advice of the very counsel who appellant now alleges did not protect appellant's best interest. Under these facts, this court cannot reverse.

The appellee has requested of this court that we award her a reasonable amount for attorney's fees. While appellee has been well represented by her able and experienced counsel, as has appellant, this court, in view of the provisions of the decree, as noted earlier, declines to make such an award and denies her motion.

The decision is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.