HOLMES, Judge.
This appeal is from the Circuit Court of Houston County’s action dissolving a previously issued writ of garnishment.
The pertinent facts are not in dispute and are as follows: The appellee, a married woman, hereinafter referred to as the wife, in 1974 executed a promissory note in favor of appellant-bank. Subsequent to the exe *332 cution of the promissory note the wife, in 1975, obtained a divorce. In the decree of divorce the wife was awarded periodic alimony. This alimony was to be paid through the Register of the Circuit Court of Houston County.
Subsequently, the bank filed suit against the wife on the promissory note and obtained a writ of garnishment on the wife’s periodic alimony payments. After some months of such garnishment, the circuit court, pursuant to the wife’s motion, dissolved the garnishment. Hence, this appeal.
The dispositive issue before this court is whether alimony can be garnished for payment of the wife’s debts incurred prior to the decree granting alimony. We answer in the negative and affirm.
While able and distinguished counsel for appellant-bank presents interesting argument as to why garnishment should be allowed, the Alabama Supreme Court, as appellee points out, has decided otherwise. We would note here that this court is bound by the decisions of our supreme court. See Tit. 13, § 111(10), Code of Alabama 1940.
In Ryan v. Ryan, 271 Ala. 243, 248, 249, 123 So.2d 102, 106, we find the following:
“Alimony is awarded upon considerations of equity and public policy. Since it is thus founded upon public policy and created in equity, it cannot be diverted from the purpose of support without public injury. Murray v. Murray, 84 Ala. 363, 4 So. 239. The courts which created this fund should see that it is not subjected to the payment of preexisting debts, whether claimed by the husband or by some third party. Fickel v. Granger, 83 Ohio St. 101, 93 N.E. 527, 32 L.R.A.,N.S., 270; Romaine v. Chauncey, 129 N.E. 566, 29 N.E. 826, 14 L.R.A. 712.” [Emphasis supplied.]
The reason for the above is perhaps best stated in the text found in 24 Am.Jur.2d Divorce and Separation § 529, and we quote at length:
“According to the general rule, since alimony is intended solely for the future maintenance of the divorced wife, it cannot be subjected to the payment of debts of the wife contracted prior to the decree granting the alimony, even though the debts may be of such nature that the husband is liable therefor.5 To permit the application of alimony to such debts would be to pervert the decree from its definite and intended purpose of providing support for the wife.6 The divorce, with its incidental allowance of alimony, simply continues the duty of the husband to support the wife and compels him to perform it, but does not change its nature. Although the courts in fixing the amount of alimony may pay more or less attention to the condition, habit of life, and social position of the parties, alimony never loses its distinctive character of being an allowance solely for support and constitutes a debt only in the sense that the general duty over which the husband had a discretionary control has been changed into a specific duty over which not he, but the court, presides. Creditors who contracted debts with the wife before the divorce decree can have no cause for complaint, for it cannot be said that they made advances upon the credit of alimony.”
All issues having been duly considered, the case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.