HOLMES, Judge.
This is an appeal from the Circuit Court of Coffee County’s action denying a motion to set aside a decree of divorce. The wife appeals and we affirm.
The parties were divorced in late August of 1975. The divorce was obtained on answer and waiver of the wife. In the divorce decree the wife was awarded custody of the children and support for them in the amount of $155 a month. In addition, the wife was awarded the use of the homeplace with the ownership to remain joint.
The wife’s motion filed in early December of 1975 to set aside the decree alleges that at the time of signing the answer and waiver she was “coaxed” into so signing by the husband. Specifically, she alleged that the husband promised that she would under the terms of the divorce decree receive the following:
“(a) That Plaintiff would take proper care of the 3 minor children of the parties by paying to Defendant the sum of $300.00 per month;
“(b) That Plaintiff would pay the light bills at the residence of Defendant and the minor children of the parties;
“(c) That Plaintiff would pay the telephone bills at the residence of Defendant and the minor children of the parties;
We take the wife’s motion to be a 60(b) ARCP motion.
An ore tenus hearing was had on the wife’s motion.
After such hearing, the trial court in its decree found as follows:
“That the judgment of divorce rendered August 28, 1975, remains unchanged for the court has not been reasonably satisfied from the evidence by defendant of the truth of her motion to set aside the judgment.”
Suffice it to say that the evidence was in conflict regarding the answer and waiver, the agreement concerning support, and when the wife knew she was divorced.
Decrees of the trial court rendered after hearing witnesses ore tenus will be given every favorable presumption and will not be disturbed unless palpably wrong. 2A Ala.Digest, Appeal and Error, <©=>934(1). Here, in this instance, with conflicting testimony the trier of facts was clearly not palpably wrong in refusing to set aside a prior decree. In fact, this court can find very little, if any, testimony to support the granting of a Rule 60(b) motion, under either (b)(1), (2), (3), (4), (5), or (6).
*87 The case is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.