This is an appeal from the trial court's denial of a rule 60 (b), A.R.Civ.P., motion seeking to set aside a trial court's action modifying a prior divorce decree.
The husband appeals, and we affirm. *Page 882 
The parties were divorced in 1978. An agreement of the parties, which was incorporated into the divorce decree, provided in pertinent part:
 "That the Husband agrees to pay to the Wife as alimony, the following sums: One Thousand Dollars ($1,000.00) in a lump sum upon the entry of a Final Decree of Divorce herein; the sum of Three Hundred Dollars ($300.00) per month for a period of twenty-four months from this date [November 9, 1978]; Five Hundred Dollars ($500.00) each December 1 in the years 1978, 1979, and 1980."
There were other provisions concerning insurance, debts, a car and potential medical and educational benefits.
Thereafter in 1979, by mutual agreement between the husband and wife, the prior decree of divorce was modified by deleting the above quoted section, and providing in lieu thereof the following:
 "That the Defendant [husband] shall pay to the Plaintiff [wife] as alimony a sum no less than three hundred dollars ($300.00) per month and no more than six hundred dollars ($600.00) per month until the death or remarriage of the Plaintiff, whichever shall occur first. The exact amount of alimony to be paid each month shall be determined by and between the Parties according to the economic status of the Plaintiff and her ability to meet her financial obligations."
This modified agreement was incorporated into the divorce decree by court action.
As indicated, the husband through able counsel sought to set aside the "modification agreement." The husband at trial and on appeal contends that the original decree provided only for alimony in gross and not for periodic alimony. With no award for periodic alimony, nor any reservation of the right to modify, the husband argues the court could not properly modify the decree.
Additionally, the husband contends the rule 60 (b) motion should have been granted under 60 (b)(5) since it is "no longer equitable," or under 60 (b)(6) since "other reasons" justify relief from the judgment of modification. This contention rests on the husband's claim that he and his wife had a "side agreement" that the alimony provisions in the modification were only left "open-ended" to get tax deductions for the husband and his obligations under the modified agreement would "really" end in November, 1981.
 I
The husband's first contention is that the modification should have been set aside because the trial court had no power to grant periodic alimony in the modification.
It is a well settled principle that, if a judgment of divorce is entered without periodic alimony or reservation of future consideration, the power to grant alimony is lost. E.g.,Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979). Furthermore, alimony in gross cannot be modified. Ryan v. Ryan,269 Ala. 541, 114 So.2d 392 (1959).
The husband argues that the payments to the wife in the initial decree were alimony in gross; the wife argues that they were, at least in part, periodic alimony. We need not make a specific determination in this case as to the character of the payments to the wife. However, for disposition of this appeal we will simply assume the payments were alimony in gross.[1]
The prohibition against modifying alimony in gross assumes one party seeks it, and another party opposes it. In the instant case, both parties in a joint petition sought a modification which was then granted. The resulting question was raised by the trial judge during the 60 (b) hearing: "[S]ince the rule is very clear that alimony periodic can only be awarded at the time of the divorce . . . I want to know if the parties can later, by an agreement, put that [periodic alimony] in?" *Page 883 
Although we have found no cases directly on point, we look for guidance to child support cases which raised a similar question. In a divorce case the question was raised whether a court could enforce a provision in a divorce decree which required support payments for an adult child. Ralls v. Ralls,383 So.2d 857 (Ala.Civ.App. 1980). In answering, this court wrote:
 "The law in Alabama is clear that a court does not have the power in the absence of an agreement, to order a parent to support an adult child. . . .
. . . .
 "The parties by requesting their agreement [which includes support for an adult child] be made a part of the judgment submit that agreement to the equity consideration of the court. The court may accept the agreement. . . . [Emphasis added.]"
Ralls v. Ralls, supra, at 859.
In a similar case this court held: "In Alabama an equity court can not sua sponte require a parent to support his adult child. . . . But, a decree which is based on an agreement providing for support . . . by one of the parents after the children reach their majority can be enforced and modified."Scott v. Scott, 401 So.2d 92 (Ala.Civ.App. 1981).
The reasoning in these two cases — that what a court may not do on its own, it may sometimes do at the request of all the parties — is certainly applicable to the instant case. Here it is clear that both parties sought the modification, and both acted upon it without objection for over two years. In light ofScott and Ralls, the trial court acted properly in granting the petition for modification whether the initial decree awarded alimony in gross or periodic alimony. As such, the trial court did not err in denying the 60 (b) motion based upon the husband's first contention.
 II
The husband next argues that the "sham problem" warrants an order setting aside the modification.
The husband claims the wife "unequivocally" agreed that regardless of the terms in the modification alimony would stop in 1981. The wife, however, testified they only discussed it.
In a 60 (b) case the trial court has wide discretion in determining whether to grant or deny the 60 (b) motion, and will not be reversed on appeal absent an abuse of this discretion. Pierson v. Pierson, 347 So.2d 985 (Ala. 1977). Where there is a conflict in testimony about the essential facts it is not palpable error for the trier of facts to deny a 60 (b) motion. Beasley v. Beasley, 339 So.2d 86 (Ala.Civ.App. 1976). In light of the conflicting testimony, we cannot say the trial judge committed error in the instant case.
Furthermore, there are policy concerns at stake which the able trial judge noted during the hearing.
 "The public policy problem of those who would for their own reasons come into court . . . for their own personal gain, come in and petition the court and get a sanctified agreement for a tax break without meaning [to abide by it] . . . I am just wondering if public policy on its face would not say that that should have some effect upon the trial judge's determination. . . ."
Such concern by the trial judge is well taken. If there was a "side agreement" as the husband alleges, it was merely one aspect of a scheme in which the husband was not only an equal partner, but apparently concocted himself. The alleged "side agreement" in derogation of the modification's terms was made so the husband's payments would qualify for tax deductions to benefit the husband. Put another way, if there was a "sham" as the husband argues, it was a sham in which he was an active participant.
The court has previously noted that "[t]he equitable principle of `clean hands' or that of `he who seeks equity must do equity' is still appropriately viable. . . . [and] may be applied by the court in cases seeking reduction of alimony. . . ." Adams v. Adams, *Page 884 368 So.2d 552, 553 (Ala.Civ.App. 1979). Equitable principles may be considered in the exercise of a trial court's discretion in ruling on a 60 (b) motion. Sullivan v. Speedway Oil Co.,352 So.2d 1383 (Ala.Civ.App. 1977).
In the instant case, the husband did not come into court with "clean hands," and if the trial judge denied the 60 (b) motion out of concern for public policy, he was not in error.
Finally, we look at our decision in Tichansky v. Tichansky,54 Ala. App. 209, 307 So.2d 20 (1974), in which there are some striking similarities. In Tichansky, the trial court's denial of the husband's 60 (b) motion to set aside an alimony provision was upheld. Like the husband in the instant case, the husband in Tichansky based his claim in part on 60 (b)(6). The court in Tichansky considered such factors as the husband signed the agreement voluntarily, had suggested the amount at issue himself, was warned by his wife's attorney that the amount was excessive, and was a college graduate who had read the agreement before signing it. Tichansky v. Tichansky, supra.
In the instant case, testimony indicated the modification was the husband's idea, that he was cautioned more than once by his wife's attorney about the modification agreement's binding nature, and that he willingly signed it. "The broad power granted by Rule 60 (b)(6) is not for the purpose of relieving a party from free, calculated and deliberate choices which he has made." Tichansky v. Tichansky, supra, 307 So.2d at 23.
We would note also that the 60 (b) motion is as stated by the husband a 60 (b)(5) and 60 (b)(6) motion. Accepting such to be the case without specifically finding such, the motion was timely made. A 60 (b)(5) and 60 (b)(6) motion, under the language of the rule, must be made in a "reasonable time." The motion was made shortly after the husband alleges he found out the wife did not intend to release him from the alimony obligations, to wit, approximately six to eight months. Under the circumstances, such time was not unreasonable.
We affirm the trial judge's action in denying the husband's 60 (b) motion.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] See Hager v. Hager, 293 Ala. 47, 299 So.2d 740 (1974) for a thorough discussion of periodic alimony and alimony in gross.