WRIGHT, Presiding Judge.
Former wife, Mildred Whitten Lisenby (wife), appeals from a modification and construction of a prior divorce decree and the setting aside a contempt order against former husband, Willard Earl Lisenby (husband).
After fourteen years of marriage, the parties were divorced September 26, 1978. The parties entered into an agreement with reference to child support, alimony in gross, periodic alimony and other rights. The agreement was incorporated into the final divorce decree. Under the hearing entitled, “Alimony In Gross,” it is provided that the husband make all payments due on the homeplace (which amounted to $264.50 per month), and that such payments “be construed as alimony in gross and not periodic alimony.” Under that heading, the decree further provides that, “Should Petitioner remarry or should she sell the home within a two (2) year period prior to her remarriage, the equity in the said home shall be divided equally between the parties.”
By mutual consent of the parties, the decree was modified by court order dated November 9, 1979, to provide that henceforth husband is to pay wife $375 per month, with $200 to be considered child support and $175 to be considered the house payment. From the month of June 1980 on, husband paid the $200 child support but failed to pay the $175 house payment. Wife filed a petition for Rule Nisi February 27, 1981, to hold husband in contempt for the arrearage. Husband responded, admitting that he failed to make the payments but seeking to be excused from this obligation on the ground that wife was living openly or cohabiting with a member of the *788 opposite sex so as to invoke the provisions of § 30-2-55, Code of Alabama 1975 (Supp. 1982).
A full hearing was held on the matter April 13,1981. Evidence of wife’s cohabitation and non-cohabitation was introduced by each side. No finding was made as to violation of § 30-2-55. The court found husband in contempt for not paying the house payments totaling $1,750 for the months of June 1980 through March 1981, and ordered him to purge himself “by paying such sum of arrearage within 120 days from this date [April 13, 1981] by paying four (4) equal or near equal installments.” The court further ordered “that all other terms, conditions and provisions of the original judgment as modified ... remain in full force and effect,” and taxed all costs to the husband. However no sanctions were imposed. The husband’s motion for rehearing was denied. No appeal was taken.
On October 16, 1981, the court, apparently of its own volition, entered an order stating that husband had not purged himself of contempt and that husband was to appear in court November 6, 1981, “for further proceedings under the order of [the] Court dated April 13, 1981.” An identical order was again entered by the court on November 13, 1981. Service by certified mail of both orders was refused by the husband at his address in Florida. Another order was entered December 7, 1981, erroneously ordering husband to appear January 8,1981, rather than January 8,1982, for further proceedings under the April 13, 1981 order. Husband was personally served with that order by the sheriff in Jay, Florida.
A hearing was held January 8,1982. The husband failed to appear. An order was entered on that date finding husband in contempt, entering judgment in favor of wife in the amount of $3,553 plus an additional sum of $175 for each month thereafter, and committing husband to jail “pending further orders of [the] Court.”
Husband moved to set aside the January 8, 1982 order on the grounds that the order erroneously required him to be in court January 8, 1981, rather than January 8, 1982, and that no additional petitions had been filed by wife since wife’s Rule Nisi petition of February 27,1981; therefore the court had no authority to enter its January 8, 1982 order awarding judgment to wife for alleged arrearages of husband. The court set aside the January 8, 1982 order.
The wife filed a petition for Rule Nisi, charging failure to pay under the April 13, 1981 order. The husband answered and filed a counterpetition. The answer denied any arrearage, alleging again cohabitation of the wife with a member of the opposite sex in violation of § 30-2-55. Husband asserted the April 13, 1981 order of the court was entered on erroneous and invalid testimony. The counterpetition sought termination of alimony payments under § 30-2-55 and declaratory relief concerning the provision of the divorce decree providing for division of equity in the home upon occurrence of certain events. Husband also moved to set aside the April 13, 1981 contempt order on the ground that it was procured upon improper and invalid testimony of wife and the man she allegedly was living with. The wife filed no answer to the eounterpetition, but issue was joined by presentation of testimony and argument of counsel at oral hearing on May 28, 1982. On July 6, 1982, the court entered orders setting aside the contempt order of April 13, 1981, terminating alimony payments to wife effective June 1980 due to the court’s express finding of cohabitation, and interpreting the clause of the divorce decree dividing the equity in the former marital home. It is from the July 6, 1982 order that wife appeals.
The dispositive issues are (1) whether the provision of divorce decree termed “alimony in gross,” as modified by subsequent agreement of the parties and incorporated in the decree of November 9, 1979, is subject to the provisions of § 30-2-55, Code of Alabama 1975 and (2) whether the court erred in declaring a provision of the original divorce as to division of equity in the marital home to be clear and unambiguous and construing it accordingly. The issues *789 presented as to procedural errors are deemed moot in light of our decision on the dispositive issues.
The heart of the first issue is whether the court was correct in holding the mortgage payments to be periodic alimony and therefore subject to modification under § 30-2-55. We hold that the court did err in holding the mortgage payments periodic alimony in the face of the divorce decree’s specific provision that the payments were alimony in gross.
Husband contends the modification agreement of November 9, 1979, reducing the amount of the mortgage payments, was proof that the parties never intended the payments to be a settlement of property interests. Therefore the requirements for alimony in gross, as set out by Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317 (1963), are not met; (i.e., (1) that the wife’s right to the payments was vested, and (2) that the time of payment and the amount of payment must be certain). We do not agree.
The original agreement and the decree which incorporated the agreement expressly declared the mortgage payments to be alimony in gross. The right to such payments became vested and was not subject to modification by the court. We have recently determined in the case of Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983), that the parties may by agreement alter or waive the rights of alimony in gross. Musgrove v. Musgrove, 423 So.2d 881 (Ala.Civ.App.1982). The parties in this case went a step past an agreement to alter the vested right. They asked the court to adopt their agreement and modify the original judgment of record accordingly. We perceive no reasonable prohibition against the court, which has jurisdiction of the parties in all respects, accepting the agreement to release and modifying the rights and obligations previously given. The change in the original ordered amount of the husband’s obligation, in the absence of express intent to release the entire obligation, did not change the nature of the right. For whatever undisclosed purpose the agreement to decrease the amount of the house payment served as between the parties, there was no intent shown therein to release the vested right. It was in fact agreed and decreed that all other parts of the decree would remain in effect. Therefore we hold that part of the order terminating the mortgage payments to be in error.
The second issue is whether the court erred in interpreting a clause in the original divorce decree providing for division of equity in the home. The disputed clause is as follows: “Should petitioner (Mildred Whitten Lisenby) remarry or should she sell the home within a two (2) year period prior to her remarriage, the equity in said home shall be divided equally between the parties.”
The trial court found in its judgment that “[T]he above language is clear and unambiguous and provides for a division of the equity upon alternative events.... This court declares that upon either of the aforesaid events the defendant ... would be entitled to an equal division of the equity in the former marital home.”
Our consideration of the clause prevents the conclusion that it is “clear and unambiguous.” The intent of it is most ambiguous though its words are clear. It is clear that if the wife remarries, the equity is to be divided. It doesn’t matter when the remarriage occurs; there is to be a division of equity. The provision for a division if a sale occurs within two years prior to a remarriage is most unclear. It could be interpreted that if a sale occurred but the remarriage was delayed for more than two years thereafter, there would be no division — but then the requirement for division upon remarriage is faced. We are at a loss as to how the parties could determine whether a sale would be followed by remarriage within two years. There could be no division after a sale for a period of two years in order to learn if there was a remarriage. If no remarriage followed a sale, there would be no division at all. Thus the only certain event which would require a division would be a remarriage.
*790 We are uncertain what effect our disagreement with the declaration of the trial court would ultimately have in this case. We disagree only as to what the trial court says is a second alternative. In either instance, we appear to agree that there must be a remarriage by the former wife for there to be a division of equity in the home.
However, as we find that there is ambiguity in the provision contrary to the declaration of the trial court that it is clear and unambiguous, the door must be opened to discern the true intent of the parties. Price v. Price, 360 So.2d 340 (Ala.Civ.App.1978); Reeder v. Reeder, 356 So.2d 202 (Ala.Civ.App.1978). There has already been some testimony presented to that end. The former wife contends that the purpose was to require a division only if she remarried or sold the property within two years after the date of the divorce. The defendant disagrees. The court should find that intent from the evidence presented or which may be hereafter presented. We will reverse in part for that determination.
In summary, we find error in the application of § 30-2-55 to the past and future payment of the $175 per month due the plaintiff under the divorce decree as modified by the decree of November 9, 1979. Therefore the judgment setting aside the contempt order and judgment of April 13, 1981, and terminating alimony payments as of June 1980, is reversed and set aside. The part of the judgment finding the provision of the decree of September 26, 1978, as to division of equity in the home clear and unambiguous, is also reversed and set aside. The case is remanded for further proceedings to determine the sum due the plaintiff under the decree of November 9, 1979, and for taking of testimony, if any is offered, to determine the intent of the parties in the agreement as to division of equity in the home, which agreement was incorporated in the divorce decree.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.