This appeal is from the denial of a Rule 60(b), Alabama Rules of Civil Procedure, motion. *Page 864 
In August 1987 Catholic Social Services filed a petition in the Juvenile Court of Mobile County seeking termination of parental rights of Sanquenetta Espie and the alleged father, Donald Silmon, to their child and the authority to place the child for adoption.
After a hearing the court granted the petition to terminate parental rights. The mother did not appeal this decision.
Approximately thirty-five days later, the mother filed a Rule 60(b) motion. This motion was based on the grounds set out in 60(b)(1) and (6), A.R.Civ.P. After a hearing where the only evidence came from the attorney for the mother, the trial court denied the relief requested by the mother. The mother's motion for reconsideration was subsequently withdrawn, and she appealed from the denial of the Rule 60(b) motion.
In brief the mother argues that relief should have been granted to her based on Rule 60(b)(6), which provides as follows:
 "(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."
Relief under Rule 60(b)(6) is reserved for extraordinary circumstances and is available only in cases of extreme hardship or injustice. Chambers County Commissioners v.Walker, 459 So.2d 861 (Ala. 1984). Moreover, a Rule 60(b)(6) motion may not be used to relieve a party from his own failure to take an appeal or to extend the time for taking an appeal. Nowlin v. Druid City Hospital Board,475 So.2d 469 (Ala. 1985). Nor is a Rule 60(b)(6) motion designed to relieve a party from deliberate, free, and calculated choices.Tichansky v. Tichansky, 54 Ala. App. 209, 307 So.2d 20
(Ala.Civ.App. 1974).
The mother argues that her choices were neither free nor deliberate because she was under emotional stress and did not have impartial counseling prior to giving her consent to the termination of her parental rights.
There is absolutely no evidence of undue influence exerted on the mother in the record resulting from the hearing on the Rule 60(b) motion. Furthermore, the mother concedes in brief that there is no evidence of undue influence.
At the hearing on the Rule 60(b) motion, the attorney for the mother made a statement to the court that she received a message from the mother on the fourteenth day after the termination of rights judgment, asking if the child had been placed for adoption. Later the mother contacted her attorney and said she had changed her mind and did not want to place the child for adoption.
As noted above, there is no evidence of undue influence to cause the mother to give up her child, nor is there any evidence to explain why the mother did not appeal the termination judgment. The only possible evidence offered by the mother to support the Rule 60(b) motion is that she changed her mind about terminating her parental rights. Such evidence does not rise to the level required to prove that the mother had been unduly influenced to give up her child. See,Shuttleworth v. Catholic Family Services, 439 So.2d 1292
(Ala.Civ.App.), cert. denied, 439 So.2d 1292 (Ala. 1983), cert. denied, 104 S.Ct. 2151, 466 U.S. 950,80 L.Ed.2d 537 (1984).
The trial court's judgment denying Rule 60(b) relief is affirmed.
Catholic Social Services has filed a motion to dismiss the appeal as frivolous and has requested that it be awarded costs and damages; or, in the alternative, that the trial court's decree be affirmed with a like award.
While we have affirmed the trial court's judgment denying Rule 60(b) relief because of insufficient evidence, we are not prepared to say that the appeal is frivolous and warrants imposition of sanctions. Consequently, we deny Catholic Social Services' motion. *Page 865 
MOTION DENIED.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.