In 1987, the husband and the wife were divorced. The parties' divorce decree incorporated an agreement which had been entered into by the parties. Subsequently, the husband filed a petition for modification of the decree. The husband later amended his petition for modification to include a request to have the decree set aside.
Following an ore tenus proceeding, the trial court made certain modifications in the divorce decree; however, the trial court denied the husband's request to have the decree set aside. Although not denominated as such by the trial court, we will consider the denial of the husband's requested relief as a denied Rule 60(b), Alabama Rules of Civil Procedure, motion.
On appeal, the husband asserts that the trial court's denial of his Rule 60(b)(6) motion fails to comport with the trial court's findings of fact and, thus, is due to be reversed. Specifically, he maintains that the "permanent alimony" provisions of his divorce decree are inequitable and that the trial court itself found them to be unconscionable and oppressive. Thus, the husband asserts, the trial court abused its discretion in denying the Rule 60(b) motion.
Rule 60(b) is an extreme remedy that should be employed only under extreme circumstances. McLeod v. McLeod,473 So.2d 1097 (Ala.Civ.App. 1985). Although the denial of a Rule 60(b) motion is an appealable order, the filing of such a motion is not a substitute for appeal. McLeod.
Consequently, when reviewing the denial of a Rule 60(b) motion we do not review the underlying judgment. McLeod.
Instead, we review whether the court abused its discretion in denying the motion. McLeod.
We further note that the "broad power granted by Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated and deliberate choices which he has made."Tichansky v. Tichansky, 307 So.2d 20
(Ala.Civ.App. 1974). The facts in this case, like the facts inTichansky, fail to indicate an abuse of discretion by the trial court.
The husband has three college degrees, and he reviewed the alimony provisions *Page 1369 
before signing the agreement. The husband testified that no one coerced him in any way to sign the agreement. Further, this decree was in effect for two years before the husband tried to have it set aside.
We recognize that the husband argues that the trial court's judgment denying his Rule 60(b) relief is an abuse of discretion because, he argues, it does not comport with the trial court's own findings of fact. However, we have examined what the husband asserts are the trial court's factual findings and note that they are simply comments made by the court at the end of the trial of the case. The husband cites us no authority for his argument that these remarks amount to findings of fact. Issues raised without proper legal authority will not be considered on appeal. Alabama Rules of Appellate Procedure, Rule 28. Further, we also note that the trial court's order enumerates its findings of fact, and they do not conflict with the court's legal conclusions.
Consequently, we find that the trial court did not abuse its discretion in denying the husband's Rule 60(b) motion, and this case is due to be affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.