ROBERTSON, Presiding Judge.
This is the second time this case has been appealed to this court. Therefore, we will not go into a detailed recitation of the facts. Instead, we refer the reader to our first opinion, N.A. v. J.H., 571 So.2d 1130 (Ala.Civ.App.1990).
In that opinion, we upheld the trial court’s termination of the parental rights of D.H., mother, and the trial court’s denial of the grandmother’s, N.A., request for custody. We also held:
“The first issue raised by the appellants is that the trial court erred when it terminated the mother’s parental rights on the petition of the twins’ foster parents. However, we cannot find an objection at the trial court level by either the mother or the grandmother to the court’s proceeding on the foster parents’ petition. Likewise, we have carefully reviewed the appellants’ motions for new trial, and neither motion asserts as error the court’s proceeding on the foster parents’ petition.
“This court is an appellate court, and, therefore, it is our duty to review matters decided at the trial court level. Conley v. Beaver, 437 So.2d 1267 (Ala.1983). We do not hear arguments presented for the first time on appeal nor do we put a trial court in error for failing to rule on an issue not before it, even when the matter complained of concerns a constitutional question. Stevens v. Blake, 456 So.2d 795 (Ala.Civ.App.1984). Because the appellants’ objection to the termination petition of the foster parents is raised for the first time on appeal, we will not consider it.”
N.A. at 1132.
Following our issuance of the first opinion in this case, N.A. and D.H. went back into court and filed a Rule 60(b), Ala.R. Civ.P. motion. In their motion, N.A. and D.H. asserted that the court should set aside its earlier judgment terminating parental rights, based on their argument that the judgment was void. N.A. and D.H. assert that the termination was void due to the fact that the petition was filed by the foster parents.
Rule 60(b) offers an extreme remedy that should be employed only in extreme situations. Moulder v. Moran, 578 So.2d 1367 (Ala.Civ.App.1991). We recognize that the denial of a Rule 60(b) motion is appealable; however, it is not a substitute for appeal. Moulder.
We have reviewed the argument asserted by N.A. and D.H. on appeal and find that their Rule 60(b) motion in the trial court was an attempt to correct their failure to properly preserve an issue from the first appeal of this case.
Moreover, review of our first opinion reveals that we addressed their contention concerning termination of parental rights on the petition of a foster parent. In N.A. at 1132, we held:
“[Ejven if this issue had been properly preserved, § 26-18-5, Code 1975, provides that any interested party may file a petition for termination of parental rights. Consequently, the foster parents had statutory authority to file their petitions.” (Emphasis added.)
In other words, we have already addressed the issue raised by N.A. and D.H., and have determined that the termination proceeding was proper on the petition of the foster parents.
Appellees in this case have requested that we dismiss this appeal as frivolous pursuant to Rules 2 and 38, Ala.R.App.P. They further request that we impose sanctions and/or penalties on appellants’ attorneys.
However, we recognize that it is preferable to dispose of an appeal on its merits as opposed to dismissing it on the ground of frivolity. Bowman v. Fire Investigations & Analyses, Inc., 502 So.2d 773 (Ala.Civ.App.1987). Further, due to the fact that this involves the termination of parental *494 rights, we chose not to classify the appeal as frivolous.
Appellees’ requests for fees, damages and/or penalties are, therefore, denied.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.